# EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------ X
DAVID KHORASSANI,

                Petitioner,

      v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY,

                Respondent.

------------------------------------------------------------ X

INDEX NO. 153819/2023

**AFFIDAVIT OF STEPHANIE DUMONT IN SUPPORT OF FINRA'S OPPOSITION TO PETITION TO COMPEL DISCLOSURE (CPLR § 3102(C))**

STATE OF VIRGINIA    )
                               ) ss:
COUNTY OF FAIRFAX   )

I, Stephanie Dumont, being duly sworn, deposes and says:

1. I am an Executive Vice President and head of the Market Regulation and Transparency Services Department ("the Department") at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I have worked in the securities industry for 30 years. I have been in my current position at FINRA for over two years. Prior to my current role, I was a Senior Vice President and Director of Capital Markets Policy in FINRA's Office of General Counsel for more than 22 years.

2. I submit this affidavit and accompanying exhibits in support of FINRA's opposition to the Petition for Pre-Action Disclosure filed by the Petitioners in this proceeding ("the Petition"). I have personal knowledge of the facts and information set forth herein.

3. As the head of the Department, I am asserting the investigative file privilege over the Electronic Blue Sheet data sought in the Petition.

4. FINRA is a private self-regulatory organization ("SRO") registered as a national securities association with the Securities and Exchange Commission ("SEC") under the Securities Exchange Act of 1934, as amended (the "Exchange Act"). As an SRO, FINRA is authorized, with oversight from the SEC, to investigate and discipline FINRA member firms and their associated persons for violations of FINRA rules and the federal securities laws.

5. The Department oversees the national securities markets to protect investors and to safeguard market integrity. The Department also has certain limited and specified regulatory responsibilities for the over-the-counter ("OTC") market.

6. As part of its statutory mandate, the Department conducts examinations and investigations of member firms and their associated persons to ensure their compliance with FINRA rules and federal securities laws, and it utilizes innovative automated surveillance to assess billions of market events each day.

7. FINRA is not a government agency, and its examinations and investigations are confidential and non-public. FINRA does not voluntarily disclose materials from its examination or investigative files except to the SEC, other regulators, or law enforcement, pursuant to specific regulatory or law enforcement requests.

8. In December 2022, FINRA published notice on its website of a corporate action that Meta Materials, Inc. submitted to FINRA for processing pursuant to SEC Rule 10b-17 and FINRA Rule 6490. Pursuant to the corporate action, record holders on December 12, 2022, of an OTC equity security that was trading on the OTC markets under the symbol MMTLP would be entitled to receive one share of Next Bridge Hydrocarbons, Inc. ("Next Bridge") for each MMTLP share they held, and the MMTLP shares would be cancelled by the issuer ("Meta Materials Corporate Action").

9.  On December 9, 2022, pursuant to FINRA Rule 6440, FINRA directed its member firms to halt quoting and trading in MMTLP because it determined that it was necessary to protect investors and the public interest where an extraordinary event had caused or had the potential to cause significant uncertainty in the settlement and clearance process for shares in MMTLP. FINRA also announced that the trading halt would end concurrent with the deletion of the MMTLP symbol on December 13, 2022. A true and accurate copy of the notice explaining the trading halt is attached as Exhibit A.

10. In March 2023, FINRA published an *Investor Insights* article on its website explaining FINRA's role in corporate actions generally and answering questions about the Meta Materials Corporate Action and the trading halt that FINRA imposed on December 9, 2022. A true and accurate copy of the *Investor Insights* article is attached as Exhibit B.

11. The Department has initiated a number of investigations related to MMTLP, some of which remain open and ongoing.

12. As the head of the Department, I have supervisory responsibility for investigations related to MMTLP, and the records maintained in those investigative files.

13. I am familiar with the Blue Sheet Data requests submitted to clearing firms for investigatory purposes, which sought trade data concerning to MMTLP.

14. The Blue Sheet Data for MMTLP that FINRA has collected is being used in open and ongoing investigations.

15. I have confirmed that FINRA received certain data in response to FINRA's request for Blue Sheet Data pursuant to its agreement with the Canadian securities regulator.

16. The Blue Sheet Data that FINRA has collected is not publicly available, and disclosure of the Blue Sheet Data would be prejudicial to FINRA for various reasons, including

because it would prematurely reveal the direction of FINRA's investigations, FINRA's opinion as to what Blue Sheet Data was important to collect, and the confidential sources of the Blue Sheet Data.

17. The disclosure of the MMTLP Blue Sheet Data would interfere with FINRA's ability to complete its investigations and would frustrate FINRA's mission of protecting investors and safeguarding market integrity.

June 2, 2023

*Stephanie M. Dumont*
Signed on 2023/06/02 11:11:15 -8:00

Stephanie Dumont

SWORN AND SUBSCRIBED

BEFORE ME THIS 2nd DAY OF JUNE, 2023

*Mary Lalla*
Signed on 2023/06/02 11:11:15 -8:00

Notary Public

Commonwealth of Pennsylvania - Notary Seal
Mary E Lalla, Notary Public
Philadelphia County
My Commission Expires Jun 16, 2024
Commission Number 1270070
Notary Stamp 2023/06/02 11:11:15 PST     3C2BAC7C56E8

Notarial act performed by audio-visual communication

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------ X
DAVID KHORASSANI,

                Petitioner,

v.

FINANCIAL INDUSTRY REGULATORY
AUTHORITY,

                Respondent.

------------------------------------------------------------------ X

Index No. 153819/2023

**CERTIFICATION PURSUANT TO RULE 202.8-B OF THE UNIFORM CIVIL RULES FOR THE SUPREME COURT**

      I, John P. Mitchell, counsel for Respondent Financial Industry Regulatory Authority, Inc. ("FINRA"), hereby certify that the foregoing Affidavit of Stephanie Dumont complies with the word limit set forth in Rule 202.8-b of the Uniform Civil Rules for the Supreme Court because the Affidavit contains 786 words, excluding those words in the caption and signature block.

Dated: Princeton, New Jersey
       June 2, 2023

FAEGRE DRINKER BIDDLE & REATH LLP

By:   */s/ John P. Mitchell*
     John P. Mitchell, Bar No. 4108544
     john.mitchell@faegredrinker.com
     1177 Avenue of the Americas
     41st Floor
     New York, New York 10036
     Telephone: (212) 248-3140
     Facsimile: (212) 248-3141

Attorneys for Respondent
Financial Industry Regulatory Authority, Inc.