# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-60891-Civ-AHS

INTER-COASTAL WATERWAYS, LLC,

                    **Plaintiff,**

v.

TRADESTATION SECURITIES, INC.,
and DOE DEFENDANTS 1-10,

                    **Defendants,**

and

FINANCIAL INDUSTRY REGULATORY
AUTHORITY, INC.
                    **Nominal Defendant.**
_____/

## DEFENDANT TRADESTATION SECURITIES, INC.'S MOTION TO STRIKE OR DENY AS MOOT PLAINTIFF'S CROSS-MOTION TO DISQUALIFY FINRA AS THE MANDATORY DISPUTE RESOLUTION SERVICE [ECF NO. 40] AND INCORPORATED MEMORANDUM OF LAW[1]

Defendant TradeStation Securities, Inc. ("TradeStation") respectfully requests the Court strike or deny as moot Plaintiff's Cross-Motion to Disqualify FINRA as the Mandatory Dispute Resolution Service [ECF No. 40]. In support of this motion, TradeStation states:

    1.      On July 19, 2024, TradeStation filed its Motion to Compel Arbitration and for Stay of Proceedings [ECF No. 29] ("Motion to Compel Arbitration") seeking an order compelling

---

[1] In order to avoid populating the Court's docket further with duplicative and superfluous filings, TradeStation solely addresses the procedural grounds to support its arguments that Plaintiff's Cross-Motion should be stricken or denied as moot. To the extent necessary, TradeStation incorporates herein its substantive arguments raised in its Reply in Support of its Motion to Compel Arbitration and for Stay of Proceedings.

Plaintiff to arbitrate its claims against TradeStation before FINRA Dispute Resolution pursuant to the express terms of the arbitration agreement between the parties.

2. On August 16, 2024, Plaintiff filed and served TradeStation with its Memorandum in Opposition to TradeStation's Motion to Compel Arbitration ("Opposition") and Cross-Motion to Disqualify the Financial Industry Regulatory Authority as Mandatory Alternative Dispute Resolution Service to this Action ("Cross-Motion") [ECF Nos. 39 & 40]. Nominal Defendant Financial Industry Regulatory Authority ("FINRA") has taken no position on Plaintiff's Cross-Motion [ECF No. 43].

3. Plaintiff's Opposition and Cross-Motion (37 pages) are identical, seek the same relief from this Court (i.e., denying TradeStation's Motion to Compel Arbitration) and for the same exact reason (i.e., purported FINRA bias).[2] Plaintiff filed its motion to disqualify as a disingenuous attempt to "get the last word" on an issue that is ripe for determination now that TradeStation has filed its reply. This Court's ruling on TradeStation's Motion to Compel Arbitration, either way,

---

[2] Plaintiff relies, in both of its filings, on the same self-serving declaration of Georgios Palikaras, the former Chief Executive Officer of Meta Materials Inc. ("Meta"), to support its specious argument that FINRA is somehow unable to fairly administer the arbitration process because of some illusory bias. Even assuming the Declaration is somehow relevant to the arbitration issue, which it is not, Mr. Palikaras lacks credibility as evidenced by the U.S. Securities and Exchange Commission ("SEC") having: (1) instituted proceedings against Meta pursuant to which Meta agreed to cease and desist from further securities law violations and to pay a $1 million civil penalty for violating the antifraud, reporting, internal accounting controls, and books and records provisions of the federal securities laws (*See In the matter of Meta Materials, Inc. (f/k/a) Torchlight Energy Resources, Inc.*, Administrative Proceeding File No. 3-21976, June 25, 2024, attached as **Exhibit A**); and (2) filed a complaint against Palikaras for securities fraud, market manipulation and for having aided and abetted Meta's securities law violations that relate to the fallout associated with the 2022 corporate action and trading halt in the Series A Preferred Shares of Meta (MMTLP) which is purportedly at the heart of this dispute (*See Securities and Exchange Commission v. John Brda and Georgios Palikaras*, United States District Court Southern District of New York Civ. Action No. 1:24-cv-004806, July 24, 2024, Complaint attached as **Exhibit B**. In his Declaration, Mr. Palikaras appears to blame FINRA for having exercised its market oversight authority in response to market events resulting from his actions.

resolves the question of arbitration, and Plaintiff should not be allowed to get a second bite at the apple. The Cross-Motion is therefore entirely superfluous and improper. *Doe by and Through Doe v. Brittonkill Cent. Sch. Dist. Bd. of Educ.*, 18-CV-0142, 2018 WL 6622191, at 4 n.5 (N.D.N.Y. Dec. 18, 2018) (Suddaby, C.J.) ("The denial of an opponent's motion is not an appropriate request for relief in a motion under Fed. R. Civ. P. 7(b) because such a denial may be obtained through merely successfully resisting the opponent's motion."); C.*H.R.I.S.T., Inc. v. Meyers*, 00-CV-50402, 2002 WL 257814, at *1 (N.D. Ill. Feb. 20, 2002) ("[A] separate motion to deny an opposing party's motion for summary judgment is obviously unnecessary."); *Kan.-Neb. Natural Gas Co. v. City of St. Edward, Neb.,* 135 F. Supp. 629, 633 (D. Neb. 1955) ("The defendants in each case served and filed a motion to deny motion of plaintiff for temporary injunction. Such a pleading is of no real service. A motion to deny an antecedent motion already set for hearing accomplishes nothing that could not be done by a simple appearance in resistance to the earlier motion. Reasonable professional case is laudable. When it degenerates into illogical timidity it approaches the status of absurdity."); *Fox v. Am. Airlines, Inc.,* 00-CV-0368, 2001 WL 1597851, at *1 (N.D. Tex. Dec. 12, 2001) ("Although styled as a Motion to Deny Summary Judgment, Plaintiff's motion is in essence a response to Defendant's summary judgment motion. In light of Plaintiff's response, a separate motion to deny summary judgment is unnecessary, and accordingly Plaintiff's Motion to Deny Summary Judgment is denied as moot."); *Jones v. Milwaukee Cnty.,* 74-C-0374,1979 WL 2035, at *5 (E.D. Wis. May 1, 1979) ("The defendants filed a motion to deny the plaintiffs' motion for partial summary judgment. To oppose a motion, it is only necessary to file a brief or affidavits in opposition. A motion to deny the motion opposed is unnecessary. The defendants' motion is superfluous and will therefore be dismissed.").

4. As explained in greater detail in the Reply, Plaintiff cites to no applicable case law, rule of procedure or provision under the Federal Arbitration Act authorizing a party to preemptively seek to "disqualify" the arbitration forum selected by the parties to administer the dispute between them pursuant to the unambiguous terms of the arbitration agreement executed by the parties. While legally baseless, Plaintiff's arguments are, at best, defenses to enforcement of the arbitration agreement, and are already before the Court on TradeStation's Motion to Compel Arbitration. *See Sullivan v. City of Dadeville*, No. 3:22-cv-653-ECM-JTA, 2023 U.S. Dist. LEXIS 238534, at *5-6 (M.D. Ala. Sep. 7, 2023) ("Plaintiffs Motion[,] though styled as a motion, functions as Plaintiff's response brief to Defendants' Motion to Dismiss[.] Plaintiff's Motion [] will not be considered in ruling on the Motion to Dismiss. Otherwise, the briefing will be inefficient, unwieldy, and confusing. Therefore, Plaintiff's Motion [] will be denied as moot without prejudice to Plaintiff's ability to raise the arguments therein in the amended response brief[.]").

5. Having no independent or legitimate legal basis, it is clear that Plaintiff's Cross-Motion serves two improper purposes: (1) a "disingenuous attempt to get the last word" on the issue of arbitration through a final reply in support of the Cross-Motion (after TradeStation's Motion to Compel Arbitration is fully briefed); and (2) to skirt Local Rule 7.1(c)(1) of this Court requiring Plaintiff to obtain leave of Court in order to file a surreply to the pending Motion to Compel Arbitration. *See Carlwood Dev. Inc. v. United States*, No. 2:10-cv-01773-RLH-PAL, 2011 U.S. Dist. LEXIS 4194, at *4 (D. Nev. Jan. 10, 2011) ("The Government's purported cross-motion is, therefore, nothing more than a disingenuous attempt to get the last word. As such, the Court finds that the cross-motion is not valid under Rule 7."); *see also GE Med. Sys. S.C.S. v. SYMX Healthcare Corp.,* No. 18-cv-20922-BLOOM/Louis, 2021 U.S. Dist. LEXIS 40233, at *7 n.4 (S.D.

Fla. Mar. 3, 2021) ("It is worth noting that, although styled as a reply, Defendant's Reply in Support of [the Cross-Motion], is effectively a sur-reply that readdresses the merits of Plaintiff's Motion[.] The Court reminds the parties that, pursuant to the Local Rules in the Southern District, sur-replies are not permitted absent prior leave of Court. *See* S.D. Fla. L.R. 7.1(c)(1).").

6. This Court has the inherent authority to strike motions that do not comply with its Local Rules. *See, e.g. MacNeil v. Bengal Props.,* No. 20-62038-CIV-SMITH, 2022 U.S. Dist. LEXIS 126269, at *4 (S.D. Fla. Feb. 9, 2022).

WHEREFORE Defendant TradeStation Securities, Inc. respectfully requests that this Honorable Court grant this Motion and strike or deny as moot Plaintiff's Cross-Motion.

**Local Rule 7.1(a)(3) Certification**

I hereby certify that undersigned counsel conferred with Plaintiff's counsel, who opposes the relief sought in this Motion.

DATED:  September 20, 2024                    Respectfully submitted,

/s/  Leonel Peraza
Leonel Peraza, Jr., Esq.
Florida Bar No. 0099089
BRESSLER, AMERY & ROSS, P.C.
515 East Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954)499-7979
lperaza@bressler.com
mgomez@bressler.com
*Counsel for Defendant TradeStation Securities, Inc.*

**Case No. 24-cv-60891-Civ-AHS**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed on September 20, 2024, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  *Leonel Peraza*  
Leonel Peraza