UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60891-CIV-SINGHAL

INTER-COASTAL WATERWAYS LLC,

    Plaintiff,

v.

TRADESTATION SECURITIES, INC., and
DOE DEFENDANTS 1-10,

    Defendants,

and

THE FINANCIAL INDUSTRY REGULATORY
AUTHORITY,

    Nominal Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on FINRA's Motion to Dismiss (DE [27]). The motion is fully briefed and ripe for review. For the reasons discussed below, the Motion to Dismiss is granted.

Plaintiff, Inter-Coastal Waterways LLC, ("Plaintiff") is a Georgia corporation suing Defendant TradeStation Securities, Inc. ("TradeStation") for breach of contract, various torts, violations of Florida's RICO, securities, Civil Penalties for Criminal Acts statutes, and violations of the federal Securities Exchange Act of 1934. Plaintiff also sues various unnamed Doe Defendants under Florida's RICO and Civil Penalties statutes.  Plaintiff has named The Financial Industry Regulatory Authority, Inc. ("FINRA") as a "nominal defendant." The Court has original jurisdiction over the Securities Act claim and supplemental jurisdiction over the state law claims. (DE [1] ¶¶ 7, 8).

TradeStation is a securities broker-dealer registered with the U.S. Securities and Exchange Commission. *Id.* ¶ 3. Plaintiff and TradeStation executed a Lending Agreement which permitted TradeStation to lend Plaintiff's fully paid shares to third-party brokers. *Id.* ¶ 23. The loans were supposed to be fully secured, according to the terms of the Lending Agreement. *Id.* ¶ 25. Plaintiff and TradeStation have a dispute about TradeStation's handling of shares owned by Plaintiff over which TradeStation has moved to compel arbitration.

FINRA "is part of the congressionally established securities-industry self-regulatory system." *Tawil v. Financial Indus. Regulatory Authority, Inc.,* 2023 WL 7131840, at *1 (N.D. Fla. Jul. 26, 2023). A little background is necessary to understand Plaintiff's allegations regarding FINRA.

In July 2022, the board of directors of Meta Materials, Inc. ("Meta Materials") voted to spin off the assets of a subsidiary to a new, separate company called Next Bridge Hydrocarbons, Inc. ("Next Bridge"). Under the spin-off, holders of Meta Materials' Series A Preferred Dividend shares ("MMTLP shares") would receive a 1-for-1 share exchange for shares of Next Bridge Common Stock. *Id.* ¶¶ 16-17. Between December 5 and 8, 2022, Plaintiff purchased over 9,000 MMTLP shares at prices ranging from $4.480 to $9.90. *Id.* ¶ 29. TradeStation almost immediately borrowed all shares purchased by Plaintiff and loaned them to third-party brokers. *Id.* ¶¶ 26-31.

On December 9, with the understanding that MMTLP shares would be trading until December 12, 2022, Plaintiff attempted to submit two limit sell orders. *Id.* ¶ 33. The sell orders were for $40 and $50 per share. *Id.* ¶¶ 32-33. TradeStation's platform rejected the limit sell orders. *Id.* That same day, FINRA placed a U3 halt on the trading of MMTLP shares. *Id.* ¶ 38.

Plaintiff alleges that TradeStation loaned third party brokers more shares of MMTLP Shares than it held for the benefit of its customers, i.e., it loaned "counterfeit" MMTLP shares. *Id.* ¶ 52. After FINRA placed the U3 halt on trading, the third-party brokers did not return the shares to TradeStation, and Plaintiff and other TradeStation customers did not receive the share exchange they anticipated. *Id.* ¶¶ 60-61.

Plaintiff has set forth numerous claims against TradeStation and the third-party broker-dealers arising from the lending of the MMTLP shares. Although Plaintiff does not seek affirmative relief from FINRA, Plaintiff alleges that Plaintiff's "claims are derived from the repercussions of FINRA's enactment of a U3 halt on the MMTLP ticker on December 9, 2022," and because FINRA failed to properly supervise the trading of MMTLP shares. *Id.* ¶¶ 71-85. Plaintiff, therefore, asserts that FINRA has conflicts of interest that preclude it from acting as an arbitrator. *Id.* ¶¶ 86-87.

FINRA moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6). First, FINRA argues that it is not a proper nominal defendant. Next, it argues it is immune from suit for claims arising from its regulatory activities. Finally, FINRA alleges lack of personal jurisdiction.

The immunity argument is quickly addressed; Plaintiff does not dispute that FINRA is immune from suit: "Plaintiff does not, and cannot, allege any theory or cause of action against FINRA for its actions taken as market regulator." Plaintiff's Response (DE [33] pp. 16, 24). *See Weissman v. National Ass'n of Securities Dealers, Inc.,* 500 F.3d 1293, 1296 (11th Cir. 2007) ("SROs are protected by absolute immunity when they perform their statutorily delegated adjudicatory, regulatory, and prosecutorial functions"). Plaintiff admits that the Complaint "presents no claims at all against FINRA." *Id.*

Plaintiff asserts, however, that FINRA is named as a "nominal defendant' because FINRA is the agreed upon arbitrator pursuant to the parties' contracts. Plaintiff alleges that due to the nature of FINRA's actions in connection with the MMTLP trading, FINRA has an inherent conflict of interest and should be disqualified as an arbitrator. *Id.* pp. 14-20. Indeed, Plaintiff has filed a separate motion to disqualify FINRA. *See* (DE [40]).

Plaintiff misconstrues the definition of a "nominal defendant.' A nominal defendant is an "obscure common law concept" whereby a third party who has possession of, but no ownership interest in, property that is the subject of the litigation may be named a party as a means of facilitating collection. *SEC v. Founding Partners Cap. Mgmt.,* 639 F. Supp. 2d 1291, 1293 (M.D. Fla. 2009) (citing *CFTC v. Kimberlynn Creek Ranch, Inc.,* 276 F.3d 187, 191-92 (4th Cir. 2002)); *SEC v. Cherif,* 933 F.2d 403, 411 (7th Cir. 1991) (a nominal defendant is a disinterested holder of property who is ordered by the court to release the property at the conclusion of the litigation). "Because of the non-interested status of the nominal defendant, there is no claim against him and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established." *Cherif,* 933 F.2d at 414 (citing *Farmers' Bank v. Hayes,* 58 F.2d 34, 36 (6th Cir. 1932)).

Although it is true FINRA has no interest in the outcome of this litigation, FINRA does not meet the definition of a nominal party. It holds no property, is not named as a "trustee, agent, or depository," and there is nothing the Court can order FINRA to do or not do. Whether FINRA is an appropriate arbitration forum is an issue between Plaintiff and Defendants and FINRA's presence as a nominal defendant will not affect the outcome of that issue. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that FINRA's Motion to Dismiss (DE [27]) is **GRANTED.**  FINRA is **DISMISSED** from this action.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of September 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF