IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-60891-Civ-AHS

INTER-COASTAL WATERWAYS, LLC,

                Plaintiff,

v.

TRADESTATION SECURITIES, INC.,
and DOE DEFENDANTS 1-10,

                Defendants.

_____/

**DEFENDANT TRADESTATION SECURITIES, INC.'S LIMITED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN ACTION AND LEAVE TO FILE AN AMENDED COMPLAINT [ECF NO. 54]**

Defendant TradeStation Securities, Inc. ("TradeStation") files this Limited Response in Opposition to Plaintiff's Motion to Reopen Action and Leave to File an Amended Complaint and Incorporated Memorandum of Law [ECF No. 54] ("Motion"). TradeStation files this response in opposition in an abundance of caution to bring to the Court's attention the fact that Plaintiff has deprived this Court of jurisdiction to hear the issues raised in the Motion by virtue of its appeal of this Court's Order granting TradeStation's Motion to Compel Arbitration and for Stay of Proceedings [ECF No. 51]. Plaintiff's Motion is therefore improper and does not require a response at this time. In making this filing, TradeStation is in no way intending to waive its substantive arguments in opposition to the Motion, or to suggest that Plaintiff's appeal is in any way proper. In fact, both are meritless.[1]

---

[1] See e.g. *Harding v. Google LLC*, No. 23-11974, 2023 U.S. App. LEXIS 23483, at *1-2 (11th Cir. Sep. 5, 2023)("This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Nicholas Harding appeals from the district court's order granting Google LLC's motion to compel arbitration and staying the case pending the completion of arbitration[.] An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action. 9 U.S.C. § 16(b)(1)-(3); *see Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 939 & n.4 (11th Cir. 1997) (dismissing for lack of jurisdiction appeal of an order compelling arbitration, staying proceedings, and administratively closing the case); *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2, 121 S. Ct. 513, 148

Case No. 24-cv-60891-Civ-AHS

## RELEVANT PROCEDURAL HISTORY

1. On October 28, 2024, this Court issued an Order granting TradeStation's Motion to Compel Arbitration and for Stay of Proceedings and denying Plaintiff's Motion to Disqualify FINRA as the Alternative Dispute Resolution Service (the "Order"). [ECF No. 51]. This case is stayed pending resolution of the arbitration proceedings and the Court reserved jurisdiction to enforce any arbitration award. This case was administratively closed. *Id.*

2. On November 27, 2024, Plaintiff filed a Notice of Appeal [ECF No. 52] appealing the Order [ECF No. 51]. The United States Court of Appeals for the Eleventh Circuit issued a Civil Docketing Notice. [ECF No. 53].

3. On December 6, 2024, Plaintiff filed its Motion to Reopen the Action and for Leave to File an Amended Complaint and Incorporated Memorandum of Law. [ECF No. 54].

## ARGUMENT

It is well settled law that "[t]he filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case that are the subject of the appeal." *Stinson v. Yates*, No. 23-cv-24688-ALTMAN/Becerra, 2024 U.S. Dist. LEXIS 17418, at *3 (S.D. Fla. Jan. 18, 2024) *citing Doe v. Bush*, 261 F.3d 1037, 1064 (11th Cir. 2001). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982).

---

L. Ed. 2d 373 (2000) (noting that if the district court had entered a stay, rather than a dismissal, the order would not have been appealable, per 9 U.S.C. § 16(b)(1)). The district court's order here stayed, rather than dismissed, the case and expressly contemplated further proceedings. *Cf. Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (noting that administratively closing a case is not the same as dismissing a case and finding that order compelling arbitration was immediately appealable where it "[n]otably . . . did not stay the proceedings, nor did it contemplate any further action on this case").

"A district court lacks jurisdiction to consider a motion that is inextricably intertwined with issues addressed in orders that are the subject of a pending appeal." *SEC v. N. Am. Clearing, Inc.*, 656 F. App'x 947, 950 (11th Cir. 2016) (*citing RES-GA Cobblestone, LLC v. Black Constr. & Dev., LLC*, 718 F.3d 1308, 1314 (11th Cir. 2013). "Issues are inextricably intertwined if one issue may not be resolved without deciding the other issue." *Id.* (*citing Edwards v. Prime Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2010) (finding that this Court lacked jurisdiction to review an order denying a motion to reassign the case to another judge, because review of the certified issues did not require resolution of that issue)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Thomas v. Beebe*, No. 8:23-cv-1699-MSS-TGW, 2024 U.S. Dist. LEXIS 145337, at *2 (M.D. Fla. Aug. 15, 2024) (quoting *Green Leaf Nursery v. E.I. Du Pont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003) (internal quotations and citations omitted).

Plaintiff has by its own initiative deprived this Court of the jurisdiction necessary to consider the relief sought in the Motion. Plaintiff's Motion seeks leave to reopen the case and to amend the Complaint in order to circumvent the very Order compelling arbitration and staying this action that is currently pending before the Eleventh Circuit Court of Appeals. It therefore presents issues that are "inextricably intertwined" with the issues currently on appeal. Until they are resolved, the Motion cannot be heard by the Court. *Stinson*, at *3 (denying motion to reopen case because it is "on appeal before the Eleventh Circuit, so [the Court] ha[s] no jurisdiction over [it]."); *Thomas v. Beebe*, No. 8:23-cv-1699-MSS-TGW, 2024 U.S. Dist. LEXIS 145337, at *2-3 (M.D. Fla. Aug. 15, 2024) ("allowing Plaintiff to amend the complaint before the Eleventh Circuit has

decided the appeal would 'alter the status of the case' in that the case before this Court would proceed upon an amended pleading that is not before the court of appeals.").

Accordingly, the Motion cannot be heard until this Court regains jurisdiction; at which time TradeStation will file its substantive opposition.

## CONCLUSION

Defendant TradeStation Securities, Inc. respectfully requests the Court decline to rule on Plaintiff's Motion until it has regained jurisdiction, and permit TradeStation a reasonable time therefrom to file its response.

DATED:  December 20, 2024                    Respectfully submitted,

*/s/  Leonel Peraza*
Leonel Peraza, Jr., Esq.
Florida Bar No. 0099089
BRESSLER, AMERY & ROSS, P.C.
515 East Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954) 499-7979
lperaza@bressler.com
mgomez@bressler.com
*Counsel for Defendant TradeStation Securities, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed on December 20, 2024, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/  Leonel Peraza*
Leo Peraza, Esq.