**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| INTER-COASTAL WATERWAYS LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TRADESTATION SECURITIES, INC. and DOE DEFENDANTS 1-10,<br><br>*Defendants.* | CIVIL ACTION NO. 0:24-cv-60891-AHS |

**PLAINTIFF INTER-COASTAL WATERWAYS LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO REOPEN THE ACTION AND FOR LEAVE TO FILE AN AMENDED COMPLAINT**

THE BASILE LAW FIRM P.C.

Agapija Cruz, Esq.
365 Fifth Avenue S.
Suite 202
Naples, Florida 33472
Tel.:   (239) 232-8400
Fax:   (631) 498-0478
Email:  agapija@thebasilelawfirm.com

Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:   (516) 455-1500
Fax:   (631) 498-0478
Email:  joe@thebasilelawfirm.com

*Counsel for Plaintiff Inter-Coastal Waterways LLC*

Dated: December 27, 2024

Plaintiff Inter-Coastal Waterways LLC ("Plaintiff" or "Inter-Coastal"), by and through its undersigned counsel, respectfully submits this reply memorandum of law in further support of its Motion to Reopen the Action and Grant Plaintiff Leave to File an Amended Complaint, ECF 54 ("Motion").

**ARGUMENT**

**I.  IT IS PERMISSABLE FOR THE COURT TO EXERCISE ITS DISCRETION TO GRANT PLAINTIFF LEAVE TO AMEND ITS COMPLAINT**

A.  <u>In the Interest of Justice, The Court Should Freely Grant Leave for Plaintiff to Amend its Complaint</u>

Fed. R. Civ. P. 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  The grant or the denial of an opportunity to amend is a liberal policy within the discretion of the District Court. *CaringOnDemand, LLC v. Ventive LLC*, 2018 U.S. Dist. LEXIS 134035, at *5 (S.D. Fla. Aug. 8, 2018) (citing *Foman v. Davis*, 371 U.S. 178, 182 [1962]). *See also Thomas v. Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (discussing the limitations on a court's discretion to deny leave to amend a complaint); *Smith v. Beverly Hills Club Apartments, LLC*, 2016 U.S. Dist. LEXIS 10180, *7 (S.D. Fla. 2016) ("Rule 15(a)'s policy of liberal amendment facilitates determination of claims on the merits, and prevents litigation from becoming a 'technical exercise in the fine points of pleading'").

A class action may be maintained when it satisfies the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b). *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997).  Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation.  Rule 23(b)(3) states that an action may be maintained as a class action if the court finds that the questions of law or fact common to the members of the

1

class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In the interests of justice, the Court has the discretion to freely grant leave to Plaintiff to amend its Complaint, ECF 1 ("Complaint"). Plaintiff asserts in its Motion that its Proposed Amended Complaint, ECF 54-1 ("Proposed Amended Complaint"), adequately sets forth its class allegations, as well as common questions of law and fact to both Plaintiff and the putative class members. However, FINRA cannot arbitrate class action claims[1] on behalf of Plaintiff and all other similarly situated TradeStation customers.

Instead, rather than waiting for the putative class members to file individual actions alleging the same or similar causes of action against TradeStation that arose out of the same facts and circumstances as those Plaintiff alleges in the Complaint, permitting Plaintiff to amend its Complaint into a class action provides a judicially efficient pathway for the resolution of identical claims on behalf of numerous similarly situated TradeStation customers. As set forth in its opening memorandum, Plaintiff asserts that the Proposed Amended Complaint satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as the Proposed Amended Complaint details the requisite allegations of numerosity, typicality and adequacy, as well as the common questions of law and fact common to both Plaintiff and class members. *See* ECF 54 at 7; ECF 54-1 at 19-22.

Further, this action was stayed rather than dismissed after an adjudication on the merits of Plaintiff's claims. *See* ECF 50 ("Order") at 8. To date, no tribunal of competent jurisdiction, including this Court or a FINRA arbitration panel, has adjudicated the merits of any claim alleged by Plaintiff which Plaintiff asserts would also apply to the putative class members. *See* ECF 54 at 5-6. These factors leave no question as to whether Plaintiff's proposed amendment suffers from

---

[1] Rule 12204(a) of FINRA's Code of Arbitration Procedure for Customer Disputes ("Code") states "class action claims may not be arbitrated under the Code."

2

futility or whether granting Plaintiff leave to amend would cause TradeStation to suffer any sort of prejudice. Should there be any question, the answer would be a resounding no. As such, it is well within the Court's discretion to grant Plaintiff leave to file its Proposed Amended Complaint.

B.     Plaintiff's Motion for Leave to Amend Was Not Filed to "Circumvent" the Order

TradeStation argues that Plaintiff seeks to amend the Complaint to "circumvent the very Order compelling arbitration and staying this action." *See* Opposition at 3. Not so. Plaintiff now seeks leave to amend its Complaint into a class action not to "circumvent" the Court's Order, but rather, for the benefit of all TradeStation customers who held MMTLP and/or Next Bridge shares during the relevant period, and were negatively and financially affected by TradeStation lending their fully-paid MMTLP and/or Next Bridge shares and TradeStation's failures to comply with customer entitlement orders relating to those Next Bridge shares. If the Court were to deny Plaintiff's Motion, other similarly situated TradeStation customers may be foreclosed from seeking relief on their own initiative as they would be required to arbitrate before FINRA, a much more expensive and resource intensive method of dispute resolution which many putative class members cannot afford as they continue to suffer financial ramifications as a result of TradeStation's actions to this day.

Additionally, Plaintiff's acknowledgement of FINRA Rule 12204 was not set forth to "circumvent" the Order. Instead, Plaintiff intended to provide notice to the Court that FINRA does not arbitrate class actions as Plaintiff wishes to litigate its claims on behalf of itself and the putative class members. Pursuant to FINRA's own Code of Arbitration, as well as the terms of the Account Agreement, a resolution on behalf of the putative class would be impossible to accomplish through arbitration. *See* ECF 1-9 at 15, § 38(b).

Further, whether Plaintiff should be granted leave to amend its Complaint does not involve the same questions of law as those on appeal. The questions on appeal include whether FINRA

3

can arbitrate Plaintiff's claims as an unbiased alternative dispute resolution service when the dispute to be heard before FINRA arose from actions taken from FINRA in its capacity as a market regulator. Here, there is no question of similar nature. It is procedurally impossible for Plaintiff to arbitrate its claims before FINRA on behalf of itself and the putative class as Plaintiff cannot simultaneously comply with the Order and litigate on behalf of other similarly situated TradeStation customers pursuant to FINRA's Code of Arbitration. Thus, this Court should utilize its discretion to grant Plaintiff leave to amend its Complaint.

## II. PLAINTIFF WAS REQUIRED TO FILE A NOTICE OF APPEAL TO EXERCISE THE ELEVENTH CIRCUIT'S JURISDICTION TO DETERMINE NOVEL ISSUES OF LAW

### A. Plaintiff Was Required to File a Notice of Appeal Under the Federal Rules of Appellate Procedure to Exercise Appellate Jurisdiction Over the Appeal

"In a civil case, …, the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "In civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *Clowers v. OneWest Bank, FSB*, 572 Fed. Appx. 822, 823 (11th Cir. 2014) (*citing Rinaldo v. Corbett*, 256 F. 3d 1276, 1278 (11th Cir. 2001). Where there is a question as to the Circuit Court of Appeals' appellate jurisdiction, the Circuit Court has "an obligation to review it before [the Court] turn[s] to the merits of the appeal." *Adeduntan v. Hosp. Auth.*, 249 Fed. Appx. 151, 152 (11th Cir. 2007) (*citing Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.*, 475 F.3d 1228, 1229 (11th Cir. 2007).

In its Limited Opposition to Plaintiff's Motion, ECF 57 ("Opposition"), TradeStation states that Plaintiff "deprived this Court of the jurisdiction necessary to consider the relief sought in the Motion" by filing the Notice of Appeal as the issues presented in Plaintiff's Motion are

4

"'inextricably intertwined' with the issues currently on appeal." *See* Opposition at 3. Plaintiff's Motion, however, is merely tangentially related to the issues presented by Plaintiff in the Appeal.

TradeStation asserts that this Court now lacks the jurisdiction to hear this Motion because Plaintiff filed the Notice of Appeal. However, to preserve its right pursuant to the Federal Rules of Appellate Procedure for the Eleventh Circuit decide a novel issue of law, Plaintiff filed the Notice of Appeal while it sought leave to amend its Complaint and to convert this matter into a class action on behalf of itself and all other similarly situated TradeStation customers who are unable to, or do not have the means to file their own individual actions for relief. Pursuant to the Federal Rules of Appellate Procedure, Plaintiff was *required* to file the Notice of Appeal to preserve its right to an appeal within 30 days from the date of the Order. *See* Fed. R. App. P. 4. Without filing the Notice of Appeal, Plaintiff would have been foreclosed from seeking appellate review of novel issues of law relating to the Order. Further, the question of appellate jurisdiction raised by TradeStation in the Opposition is irrelevant to Plaintiff's Motion. Despite TradeStation asserting the lack of appellate jurisdiction in its Opposition, the question of jurisdiction over the questions of law on appeal does not rest before this Court. Whether the Eleventh Circuit has jurisdiction over the issues on appeal would rest solely before the Eleventh Circuit itself.

However, after careful consideration, Plaintiff has determined that should the Court grant this Motion, the Appeal will become moot. As such, to preserve the resources of both the parties and of the Eleventh Circuit, Plaintiff has decided to undertake affirmative steps to voluntarily dismiss its Appeal to, instead, focus on resolving its claims on behalf of itself and all other similarly situated TradeStation customers. TradeStation has consented to Plaintiff voluntarily dismissing its Appeal, and a stipulation stating as such will be filed with the Eleventh Circuit as soon as possible.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its motion to reopen this action and for leave to file its Proposed Amended Complaint.

Dated: December 27, 2024

Respectfully Submitted,

**THE BASILE LAW FIRM P.C.**

Agapija Cruz, Esq.
365 Fifth Avenue S.
Suite 202
Naples, Florida 33472
Tel.:   (239) 232-8400
Fax:   (631) 498-0478
Email: agapija@thebasilelawfirm.com

Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:   (516) 455-1500
Fax:   (631) 498-0478
Email: joe@thebasilelawfirm.com

*Counsel for Plaintiff Inter-Coastal Waterways LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Agapija Cruz*
