IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-60891-Civ-AHS

INTER-COASTAL WATERWAYS, LLC,

      **Plaintiff,**

v.

TRADESTATION SECURITIES, INC.
and DOE DEFENDANTS 1-10,

      **Defendants.**

_____/

**DEFENDANT TRADESTATION SECURITIES, INC.'S OPPOSITION TO PLAINTIFF INTER-COASTAL WATERWAYS, LLC'S MOTION TO REOPEN THE ACTION AND FOR LEAVE TO FILE AN AMENDED COMPLAINT (DE [54]) AND
INCORPORATED MEMORANDUM OF LAW**

Defendant TradeStation Securities, Inc. ("TradeStation" or "Defendant") files this Opposition to Plaintiff Inter-Coastal Waterways, LLC's Motion to Reopen the Action and for Leave to File an Amended Complaint ("Motion to Reopen") (DE [54]). For its response in opposition, TradeStation submits the following incorporated memorandum of law.

## I.    RELEVANT PROCEDURAL HISTORY

1. On October 28, 2024, this Court issued an Order granting TradeStation's Motion to Compel Arbitration and for Stay of Proceedings and denying Plaintiff's Motion to Disqualify FINRA as the Alternative Dispute Resolution Service (the "Order"). (DE [51]). This case is stayed pending resolution of the arbitration proceedings and the Court reserved jurisdiction to enforce any arbitration award. To date, Plaintiff has not filed an arbitration claim with FINRA Dispute Resolution. This case is administratively closed. *Id.*

2. On November 27, 2024, Plaintiff filed a Notice of Appeal (DE [52]) regarding the Order (DE [51]), and the United States Court of Appeals for the Eleventh Circuit promptly issued a Civil Docketing Notice. (DE [53]).

3. On December 6, 2024, Plaintiff filed its Motion to Reopen the Action and for Leave to File an Amended Complaint and Incorporated Memorandum of Law ("Motion to Reopen"). (DE [54]).

4. On December 20, 2024, Defendant TradeStation filed a Limited Response in Opposition to Plaintiff's Motion to Reopen ("Limited Response"). (DE [57]).

5. On December 27, 2024, Plaintiff filed a Reply Memorandum in Support of its Motion to Reopen ("Reply Memorandum"). (DE [58]).

6. On January 2, 2025, Plaintiff and Defendant filed a Joint Stipulation for Order on Briefing Schedule in Response to Plaintiff's Motion to Reopen, requesting Defendant's Limited Response and Plaintiff's Reply Memorandum be stricken and an extended schedule granted for responsive filings. (DE [59]). The same day, this Court struck the Limited Response and Reply Memorandum and ordered new responsive filings from the parties. (DE [60]).

7. On January 3, 2025, the United States Court of Appeals for the Eleventh Circuit granted Plaintiff's motion to voluntarily dismiss its appeal. (DE [61]).

## II.  ARGUMENT

**A. Plaintiff Does Not Meet the Standard to Reopen the Case Under Federal Rule of Civil Procedure 60(b)(6) and Cannot Use Rule 60(b)(6) to Take a "Second Bite at the Apple"**

Plaintiff asks the Court to reopen this case under Rule 60(b)(6) but fails to even argue, much less meet its burden to show, extraordinary circumstances and unexpected, extreme hardship resulting from the Order, because none exists. This failure, alone, is sufficient to deny Plaintiff's Motion to Reopen. However, even assuming Plaintiff could meet this high initial threshold by

demonstrating some type of injury, Rule 60(b)(6) cannot save Plaintiff from its strategic decision to wait until after it was ordered to arbitration before trying to reframe its grievance as a putative class action solely to avoid arbitration since there were no circumstances beyond its control that prevented it from proceeding in this fashion in the first place.

> i. *Plaintiff does not satisfy the standard to reopen the case under Rule 60(b)(6) because there are no extraordinary circumstances or extreme, unexpected hardship resulting from the Order.*

Rule 60(b)(6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Provident Bank v. Bittleman*, No. 11-60101-CIV, 2012 U.S. Dist. LEXIS 55978, at *8 (S.D. Fla. Apr. 20, 2012) (citations omitted).[1] "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Turner v. Rocket Mortg., LLC*, No. 22-cv-23028-BLOOM/Otazo-Reyes, 2023 U.S. Dist. LEXIS 147539, at *4 (S.D. Fla. Aug. 21, 2023).

It "is an **extraordinary remedy** which may be invoked **only** upon a showing of exceptional circumstances and **the party seeking relief has the burden** of showing that absent such relief, an extreme and unexpected hardship will result." *Schwindler v. Comm'r*, No. 23-10457, 2024 U.S. App. LEXIS 19635 at *9 (11th Cir. Aug. 6, 2024) (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)) (emphasis added)). Even after the plaintiff makes the required gateway showing of exceptional circumstances and resulting extreme and unexpected hardship, it remains within the court's discretion to deny or grant the relief. *See Schwindler*, 2024 U.S. App. LEXIS

---

[1] Rule 60(b) enumerates "Grounds for Relief from a Final Judgment, Order, or Proceeding" due to mistake, newly discovered evidence that could not have been previously discovered, fraud by an opposing party, or when a judgment is void or has been satisfied or discharged. *See* Fed. R. Civ. P. 60(b)(1)-(5). Plaintiff does not seek relief under any of these provisions.

19635 at *9 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)); *A&F Bah. Ltd. Liab. Co. v. World Venture Grp., Inc.*, 796 F. App'x 657, 662 (11th Cir. 2020) ("[O]n appeal, a movant must demonstrate a justification so compelling that the court was required to vacate its order." (citation omitted)).

Here, Plaintiff makes no effort in the Motion to Reopen to show what, if any, exceptional circumstances exist sufficient to warrant the granting of this "extraordinary remedy" or what extreme and unexpected hardships Plaintiff will experience as a result of the Order requiring Plaintiff to arbitrate its claims against TradeStation. This glaring defect, alone, is sufficient to deny Plaintiff's Motion to Reopen. *See Balboa Capital Corp. v. Vital Pharms.*, No. 18-61125-CIV-DIMITROULEAS, 2021 U.S. Dist. LEXIS 203295, at *9 (S.D. Fla. Feb. 5, 2021) ("[E]ven if the Court did agree with Defendants' reading of the contract and Defendant could present facts which demonstrated that the provision was truly illusory, of which the Court is skeptical, Defendant has not demonstrated that its new analysis and arguments warrant the extraordinary relief provided for by Rule 60(b)(6).").

Plaintiff entirely skips this initial threshold showing, and improperly proceeds directly to the standard for leave to amend. *See CFTC v. Fintech Inv. Grp., Inc.,* No. 6:20-cv-652-WWB-EJK, 2021 U.S. Dist. LEXIS 261499, at *4 (M.D. Fla. Oct. 26, 2021) ("In making arguments that should have been raised in the Motion to Amend rather than explaining why reconsideration is appropriate, Defendants have failed to meet the high burden necessary to justify the Court's reconsideration of its September 23, 2021 Order."). The reason for this omission is obvious – the Order is the direct result of Plaintiff's strategic decisions during the course of this litigation in the face of ample notice that the claims brought against TradeStation were subject to mandatory binding arbitration. Plaintiff knew about the existing arbitration agreement as well as the potential

for a class action when it filed the initial Complaint on May 24, 2024.[2] If that is not sufficient enough evidence of notice, Plaintiff was also apprised that its claims were arbitrable when TradeStation filed its Motion to Compel Arbitration and Stay of Proceedings, as well as the court decisions cited therein specifically compelling the claims of other Meta Materials, Inc. Series A Preferred Dividend ("MMTLP") shareholder litigants to arbitration.[3]

Nevertheless, Plaintiff chose not to pursue that avenue of relief and only seeks to amend now *after* the Court has compelled them to arbitration. These circumstances are not extraordinary. *See Alma-Mater Collection, Inc. v. Crossroads Fin., LLC*, No. 15-81095-CV-MARRA, 2021 U.S. Dist. LEXIS 260094, at *6-7 (S.D. Fla. July 30, 2021) ("[A] court will rarely find extraordinary circumstances when a party seeks relief from a judgment that resulted from the party's deliberate choices."); *see also Kennedy v. Full Tilt Poker*, No. CV 09-07964 MMM (AGRx), 2012 U.S. Dist. LEXIS 205893, at *18 (C.D. Cal. Aug. 24, 2012) ("The most that plaintiffs offer is a vague assertion that 'it is somewhat preferable, in the eyes of Plaintiffs, for all of the claims to be heard in a single lawsuit.' Even if the court agreed that reopening a closed/remanded case and consolidating it with another case were a 'preferable' way of litigating plaintiffs' claims, plaintiffs' desire to manage the litigation in a particular way is not an extraordinary circumstance.").

---

[2] *See* Motion to Reopen (DE [54]) at p. 1 ("Plaintiff commenced this action with the interests of the wider retail investing community in mind . . . hoping it could lay the foundation for its fellow retail investor community members to subsequently **commence their own lawsuits** . . .") (emphasis added); *see also* Complaint (DE [1]) at ¶7, n. 1 (reserving "right to convert this action into a class action . . .").

[3] Although the timing of the motion can be a consideration in determining whether the surrounding circumstances are sufficiently extraordinary to require relief, Rule 60(b)(6) does not rely on an undue delay standard as Plaintiff seems to imply running from the date of the Order. *See* Motion to Reopen (DE [54]) at pp. 3-4 (arguing at length regarding the "reasonable time" limit of FRCP 60(c) and undue delay). To the contrary, the cases state clearly it runs from the date Plaintiff was on notice of its pleading deficiencies. *See Collazo v. Carnival Corp.*, Civil Action No. 23-23451-Civ-Scola, 2024 U.S. Dist. LEXIS 79256, at *2-3 (S.D. Fla. Apr. 30, 2024) ("The Defendant put the Plaintiff on notice about his pleading deficiencies in December 2023, when the Defendant filed its motion to dismiss. However, the Plaintiff made the decision to stand on his pleadings instead of diligently seeking leave to amend when he first learned of his pleading deficiencies. Thus, the Court does not find good cause justifying untimely amendment and need not consider whether amendment is otherwise proper.").

Simply stated, Plaintiff signed an arbitration agreement, which is being enforced in accordance with the broad federal and state public policy favoring arbitration, after choosing not to pursue alternative methods of relief, including class action relief. This is precisely the outcome Plaintiff knew was a possibility from the very inception of its lawsuit; and not only is there no hardship to Plaintiff from arbitrating its claims against TradeStation, but it is also certainly not extreme nor unexpected. *See Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, Civil Action No. 22-23002-Civ-Scola, 2023 U.S. Dist. LEXIS 212083, at *9 (S.D. Fla. Nov. 29, 2023) ("In other words, CFSC presents no reason for why it did not timely seek to amend other than its chosen litigation strategy, and this is not enough to merit relief under the exacting standards of Rules 59(e) and 60(b)(6).") (citing *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018)).

### ii. Rule 60(b)(6) Does Not Permit Plaintiff a "Second Bite at the Apple"

"Relief under [Rule 60(b)(6)] is 'exceedingly rare' and 'does not offer an unsuccessful litigant an opportunity 'to take a mulligan.'" *United States ex rel. Mastej v. Health Mgmt. Assocs.*, No. 2:11-cv-89-FtM-29DNF, 2013 U.S. Dist. LEXIS 200124, at *4 (M.D. Fla. July 10, 2013) (*quoting Federal Rules Civil Handbook*, Rule 60, Reason 6). "Courts should bear in mind, however, that while Rule 60(b) gives the court the power to set aside a judgment whose integrity is lacking it does not provide a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." *Gulf Power Co. v. Coalsales II, L.L.C.*, No. 3:06cv270/MCR/MD, 2011 U.S. Dist. LEXIS 83428, at *3-4 (N.D. Fla. July 29, 2011).

This reasoning is consistent with the well settled principle that "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *Washington v. United States Treasury Dep't*, No. 6:24-

cv-1483-CEM-EJK, 2024 U.S. Dist. LEXIS 220300 (M.D. Fla. Dec. 5, 2024) (citation omitted). Similarly, a party cannot "await a ruling on a motion to dismiss before filing a motion for leave to amend." *Nat'l Tr. Ins. Co. v. Savoy Hotel Partners, LLC*, Civil Action No. 23-20860-Civ-Scola, 2024 U.S. Dist. LEXIS 78497, at *4 (S.D. Fla. Apr. 30, 2024) (quoting *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018)); *see also Douglas v. Cruise Yacht Op Co.*, No. 21-CV-23980, 2022 U.S. Dist. LEXIS 124441, 2022 WL 2753101, at *2 (S.D. Fla. July 14, 2022) (Bloom, J.) ("[T]he standard is not met simply because they were awaiting the Court's ruling on the motions to dismiss.").

Yet, that rare relief is precisely what Plaintiff is seeking from this Court. As noted above, Plaintiff knew early on that its individual claims were likely subject to arbitration, and also knew that class action claims were not arbitrable. After all, the prohibition against bringing a class action to arbitration is expressly outlined, in **BOLD PRINT**, in paragraph 38(b) of the TradeStation Customer Agreement: "(b) No person shall bring a putative or certified class action to arbitration, or seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action . . . ."[4] *See* Motion to Reopen (DE [54]) at p. 7. Plaintiff chose to file an individual Complaint knowing full well that Defendant would seek to arbitrate the dispute. Plaintiff's attempt to avoid arbitration failed so it must therefore live with the consequences of its strategic decisions.

"Rule 60(b)(6) should be only sparingly used and may not be employed simply to rescue [Plaintiff] from strategic choices that later turn out to be improvident." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1199 (9th Cir. 2008), *aff'd.*, 559 U.S. 260 (2010); *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.,* 673 Fed. Appx. 925, 930 (11th Cir. 2016) (affirming refusal

---

[4] This provision is both required by, and compliant with, FINRA Rule 12204 (Class Action Claims) which, in paragraph (b) reads: "Class action claims may not be arbitrated under the Code."

to give a plaintiff "a second bite at the apple" where plaintiff "inexplicably failed to follow the well-trodden procedural path toward amendment" and rejecting the claim that doing so denied plaintiff "the opportunity to have its day in court").

**B. Plaintiff Has Not Shown that it is Entitled to Circumvent an Order Compelling Arbitration under the Federal Arbitration Act as this Case is Stayed.**

    *i.    The Federal Arbitration Act Precludes the Relief Sought in the Motion to Reopen*

"Rule 60(b) cannot be used to circumvent the specific 'other procedures' in the FAA." *Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 631 (S.D. Tex. 2009). The FAA compels a district court to stay a proceeding governed by a valid arbitration agreement "provid[ed] the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). *See also Dardashty v. Hyundai Motor Am.*, No. 2:23-cv-09710-MRA-BFM, 2024 U.S. Dist. LEXIS 206627 at *24-*25 (C.D. Cal. Aug. 16, 2024) (denying plaintiff's motion to amend to allege class action claims because "the FAA provides that once a court has determined that a claim is subject to arbitration" it must stay the proceedings).

"[A] district court may lift a stay if the applicant for the stay has defaulted in the arbitration," such as "by waiving the right to arbitrate." *Freeman v. SmartPay Leasing, LLC*, 771 F. App'x 926, 932 (11th Cir. 2019). Default may also occur when a party "refuses to pay the arbitration fee" after being compelled to arbitration. *Tolliver v. Youfit Health Clubs, LLC*, No. 8:18-cv-00360-CEH-MAP, 2019 U.S. Dist. LEXIS 247396 at *12 (M.D. Fla. June 11, 2019) (vacating the order compelling arbitration and reopening the case under FRCP 60(b)(6) due to default when the defendant failed to pay arbitration forum fees).

TradeStation stands ready to defend itself in FINRA arbitration should Plaintiff choose to file its claim there. When parties have been validly compelled to arbitration, a stay cannot be lifted before the arbitration has ended, absent a showing of default. Since an administrative stay is

8

mandated by the FAA (9 U.S.C. § 3), Plaintiff cannot use the extraordinary remedy set forth in Rule 60(b) to circumvent the FAA's requirement that an arbitration be in default to lift a stay. Accordingly, the stay should not be lifted until and unless Plaintiff files the arbitration claim and the forum thereafter determines the matter.

> ii. *Plaintiff May Not Amend the Complaint Simply to Avoid Arbitration*

As a preliminary matter, Plaintiff has failed to meet its burden under Rule 60(b)(6) to reopen this case, and it therefore remains administratively stayed. As such, Plaintiff's request to amend its Complaint is improper and should be denied. *Bautista v. Star Cruises*, No. 03-21642-CIV, 2010 U.S. Dist. LEXIS 157539, at *17-18 (S.D. Fla. Mar. 12, 2010) ("Having denied Plaintiffs' Motion for Relief From Prior Order compelling arbitration, this matter is not in the appropriate procedural posture to permit amendment or supplementation of the complaint.").

Even assuming the Court finds that the high standard of Rule 60(b)(6) is satisfied, leave to amend should nevertheless be denied. "The right to amend is not absolute. If a plaintiff could drop factual allegations in an amended complaint to circumvent a previously issued order compelling arbitration, every order compelling arbitration would become merely provisional, subject to a plaintiff's 'right' to amend to defeat the order." *PowerAgent Inc. v. United States Dist. Court*, No. 99-70560, 2000 U.S. App. LEXIS 633 at *4 (9th Cir. Jan. 14, 2000).

In deciding whether to vacate a previous order and allow amendment of a complaint, "care must be taken to avoid allowing Rule 15 which liberally allows amendments of a complaint to be used to contravene the policy in favor of the finality of judgments." *In re Star Gas Sec. Litig.*, 241 F.R.D. 428, 431 (D. Conn. 2007), *aff'd*, 344 Fed. Appx. 642 (2d Cir. 2009). There must be a "valid" basis to vacate the prior order before the Rule 15(a) standard should be applied. *Id*. at 432 (finding no valid basis because "the proposed amendments are of such a nature that they could

9

have been advanced previously," including a new legal theory specifically included to avoid the Court's prior ruling).

Even if the case is reopened, amendment is not proper because it is a clear attempt to avoid arbitration by using a legal theory about which Plaintiff knew and voluntarily discarded in favor of a different strategy. As previously discussed, Plaintiff is not permitted to have a second bite at the apple *only after* having failed on its original theory of recovery. If parties could amend every time a legal strategy "failed" following a court order compelling arbitration, it would render arbitration orders "merely provisional," contravening the federal policy in favor of arbitration, and waste judicial resources. Parties must put their best argument forward to begin with, not hedge their bets.[5]

## C. Amending the Complaint Would Be Futile Because the Class Action Requirements Are Not Satisfied.

A court may deny leave to amend when the amendment would be futile, by finding that the complaint, as amended, will necessarily fail. *Smith v. Beverly Hills Club Apts., LLC*, 2016 U.S. Dist. LEXIS 10180 at *7 (S.D. Fla. Jan. 28, 2016) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319-20 (11th Cir. 1999)). The threshold standard for futility is the same legal sufficiency standard as applied to motions to dismiss. *Id.* (citing *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996)). Class actions alleging securities causes of action are governed by the Securities Exchange Act of 1934, § 21D(a), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a), and Fed. R. Civ. P. 23. *Ouranitsas v. Tupperware Brands Corp.,* No. 6:23-cv-511-PGB-EJK, 2023 U.S. Dist. LEXIS

---

[5] Plaintiff was warned of such consequences in footnote 1 of this Court's January 2, 2025 order (DE [60]): "Plaintiff is represented by counsel and has surely been advised of the risk of dismissing its appeal to pursue the possibility of filing a class action complaint."

140890, at *4-5 (M.D. Fla. June 5, 2023). If the PSLRA pleading requirements are not satisfied, the court "shall" dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A).

    *i.*    ***The Proposed Class Action Fails to Meet PSLRA Prerequisites***

The PSLRA applies "in each private action arising under this title [15 U.S.C. §§ 78a *et seq.*] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a). The PSLRA was enacted to remedy perceived abuses in the class action procedure in securities fraud actions. *See Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1303-09 (N.D. Ala. 2000) (discussing the problems with securities class actions resulting in the enactment of the PSLRA). Plaintiff's proposed class action would be brought pursuant to the Federal Rules of Civil Procedure and the only federal cause of action alleges violation of Section 29(b) of the Exchange Act, which arises under the PSLRA. *See* 15 U.S.C. § 78cc(b). Therefore, the PSLRA applies to the proposed class action claims.

The PSLRA establishes a heightened pleading standard for private actions "in which the plaintiff alleges that the defendant – (A) made an untrue statement of material fact; or (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading. . ." 15 U.S.C. § 78u-4(b)(1). The complaint must set forth with particularity "the statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."[6] *Id.* For any cause of action that demands proof of a defendant's state of mind, the plaintiff must allege "with particularity facts giving rise to a strong inference that the

---

[6] The heightened standard may apply similarly as when "Rule 9(b) applies where a complaint 'sounds in fraud,'" and is "subject to heightened pleading requirements, even if they disclaim reliance on a fraud theory." *Vargas v. Citrix Sys.*, 716 F. Supp. 3d 1295, 1302, n. 2 (S.D. Fla. 2024) (internal citations omitted); Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud or mistake.").

defendant acted with the required state of mind [i.e., scienter]." 15 U.S.C. § 78u-4(b)(2)(A); *see also Gnanaraj v. Lilium N.V.*, No. 23-CV-80232-RLR, 2024 U.S. Dist. LEXIS 151524 at *18 (S.D. Fla. Aug. 23, 2024) ("The complaint must allege facts supporting a strong inference of scienter for 'each defendant with respect to each violation.'") (citations omitted); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (clarifying that "in a securities fraud class action, a plaintiff can no longer plead the requisite scienter element generally."). Furthermore, the plaintiff must prove that the defendant's alleged act or omission "caused the loss for which the plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4).

Plaintiff's proposed amendments do not satisfy the PSLRA's stringent pleading requirements, so the Amended Complaint would necessarily fail. Although Plaintiff generally alleges that TradeStation made false statements, it does not do so with sufficient particularity.[7] Plaintiff does not explain how the contents of the allegedly false statements were connected to the specific securities at issue, or "the manner in which they misled the plaintiff." *See e.g., Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). Moreover, Plaintiff does not "plead with particularity facts giving rise to a strong inference" of the required scienter to establish liability for each defendant. *Mizzaro*, 544 F.3d at 1238. There are no facts suggesting the scienter alleged beyond conclusory statements regarding TradeStation's knowledge and intention. Plaintiff did not allege "particular facts giving rise to a strong inference that the defendant acted in a severely reckless manner," as is necessary in a securities fraud action. *Stevens v. Globetel Communs. Corp.*, No. 06-21071-CIV-ALTONAGA/Tur, 2007 U.S. Dist. LEXIS 110823 at *30

---

[7] Plaintiff alleges multiple instances of untrue statements or omissions throughout its proposed Amended Complaint; thus, the heightened pleading standard applies. *See e.g.*, Exhibit 1 to Motion to Reopen (DE [54]) at ¶148(a), ¶162(a) ("obtaining its customers' fully-paid MMTLP Shares by **falsely stating** on its website that its customers would retain the right to sell or transfer their shares at any time"); *id*. at ¶158 ("TradeStation **fraudulently** and intentionally loaned an amount of MMTLP Shares. . ."); *id*. at ¶181 ("TradeStation made **false statements of material fact** to the public, including Plaintiff, on its publicly viewable website in regard to its Fully Paid Lending Program") (emphasis added).

(S.D. Fla. Apr. 4, 2007). Finally, Plaintiff did not sufficiently plead that the alleged misrepresentations caused its economic loss. Therefore, the PSLRA is not satisfied, and the proposed amendment would be futile.

> ii. **The Proposed Amended Complaint Does Not Satisfy Class Action Pleading Requirements**

"[A] plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable,'" and establish the prerequisites of numerosity, commonality, typicality, and adequacy of representation. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). "Rule 23 is more than a 'mere pleading standard'" and a plaintiff must "affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove the existence of the elements of Rule 23." *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 888 (11th Cir. 2023) (citing Fed. R. Civ. P. 23) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Plaintiff contends that the proposed amendment would not be futile because the merits of the claims have yet to be adjudicated. *See* Motion to Reopen (DE [54]) at pp. 5-7. However, whether the merits of the claim have been adjudicated has no bearing on measuring futility. Plaintiff's amendment would be futile because not only does it fail to meet the PSLRA's pleading requirements, but it also does not adequately plead the necessary prerequisites for a class action under federal rules.

The class is not adequately defined, as the definition is overbroad and seeks to include members who were not damaged and as such do not have standing. *See* Exhibit 1 to Motion to Reopen (DE [54]) at ¶91 (defining the class as "all persons or entities that hold and/or held MMTLP Shares or Next Bridge common stock through TradeStation Equity Accounts between October 1, 2021 and November 27, 2024."). A class should not be certified when it is so

"overbroad" as to include a great number of class members who have not suffered any injury from the defendant. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019) (ruling that a "district court must consider under Rule 23(b)(3) before certification whether the individualized issue of standing will predominate over the common issues in the case, when it appears that a large portion of the class does not have standing. . ."). Plaintiff's class definition is absurdly overbroad and its relevant time period (beginning on October 1, 2021) is nonsensical, especially since the only TradeStation customers who could arguably have a claim would be the relatively small number of customers whose MMTLP shares were lent out on December 9, 2022 when FINRA halted trading. It defies logic and common sense how a TradeStation customer who had previously bought and sold MMTLP, and no longer owned (long or short) MMTLP in his or her TradeStation account on December 9, 2022, had suffered any damage.

Plaintiff may utilize a class action suit "only if: (1) the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[M]ere allegations of numerosity are insufficient to meet this prerequisite," although a precise number of members in the class is not required. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir. 1983). "Nevertheless, a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Sliwa v. Bright House Networks, LLC*, 333 F.R.D. 255, 273 (M.D. Fla. 2019) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009)). "[I]t is the plaintiff who 'bears the burden of establishing every element of Rule 23'; it is not Defendants' duty to negate a presumption of numerosity. *Id.* Plaintiff provides no factual support for its bare assertion of numerosity, instead trying to suggest that expensive discovery will uncover enough purported victims to substantiate the numerosity requirement. However, more than two years have passed

since FINRA issued its trading halt and **this is the only MMTLP lawsuit that has been filed against TradeStation.[8] Simply put, Plaintiff has not, and cannot, satisfy the numerosity pleading requirement.**

Similarly, Plaintiff's proposed amendment does not satisfy the prerequisites of commonality and typicality. Plaintiff did not provide additional supporting facts beyond mere conclusory statements and recitations of the same federal and state law claims it made for its individual claim. "To satisfy Rule 23(a)(2)'s commonality requirement, the class members' 'claims must depend upon a common contention,' and that common contention 'must be of such a nature that it is capable of classwide resolution.'" *Sliwa*, 333 F.R.D. at 237-74 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Plaintiff does not identify a common contention – rather, it alleges violations of law that include individualized inquiries. *See* Exhibit 1 to Motion to Reopen (DE [54]) at ¶95. Since Plaintiff does not meet its burden to prove commonality, it necessarily fails to satisfy the "far more demanding" predominance inquiry and superiority analysis. *See Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (citation omitted).

To fulfill the typicality requirement, "the claims or defenses of the representative parties [must be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The claims or defenses are typical if they "arise from the same event or pattern or practice and are based on the same legal theory." *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012). Plaintiff's patently overbroad putative class definition cannot be reconciled with the Complaint's allegations which are laser-focused on what happened on and around December 9, 2022, when FINRA halted trading in MMTLP stock. While someone who bought and sold MMTLP in their

---

[8] Nor have any FINRA arbitrations been filed against TradeStation involving MMTLP.

TradeStation account prior to that time might have some imaginary claim, such claims were neither asserted in the Complaint nor contemplated by the draft amended complaint which is attached to the Motion to Reopen.

Additionally, there is no adequacy of representation. *See* Fed. R. Civ. P. 23(g)(1)(A) (directing the court to consider "counsel's experience in handling class actions . . ."); *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985) ("The adequate representation requirement involves questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation. . .").[9] The Basile Law Firm is not sufficiently qualified, experienced, or able to conduct class action litigation, as publicly admitted to by Mr. Basile nearly two years ago:

> **Mark R. Basile, Esq.** ✓
> @BasileEsq
>
> $MMTLP - so I thought I would share some information and thoughts about a -CLASS ACTION - and before the #FUD starts in on me, we have nothing to do with class actions, we don't file them, etc.... HOWEVER, you are all part of a class action, pending in the US District court for the Easter District of New York - Case 1:21-cv-07203- which is subject to a motion to dismiss by $MMAT. I just finished reading the complaint filed by a class
>
> Last edited 7:39 AM · May 16, 2023 · **28.8K** Views

*See* Mark R. Basile (@BasileEsq), X (formerly known as Twitter) (May 16, 2023). *See Bilodeau v. City of Medford*, No. 1:21-cv-00766-CL, 2022 U.S. Dist. LEXIS 231124 at *24 (D. Or. Nov. 29, 2022) ("Plaintiffs' counsel has no experience handling class actions[.] Accordingly, the Court

---

[9] Because "the unnamed members of the class are not present to protect their rights, the district court must accordingly take special care to guarantee the propriety and adequacy of the class' legal representation." *Ruderman v. Wash. Nat'l Ins. Co.*, 263 F.R.D. 670, 684 (S.D. Fla. 2010) (citing *Tedesco v. Mishkin*, 689 F.Supp. 1327, 1339 (S.D.N.Y. 1988)). The PLSRA also requires that the court approve the lead plaintiff's proposed lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

finds that Plaintiffs' counsel cannot adequately represent the class under Rule 23(a)(4) and Rule 23(g)."). Plaintiff has not properly established the federal class action prerequisite elements, so the claim would necessarily fail. Thus, the proposed amendment is futile and leave to amend should not be granted.

### III. CONCLUSION

For the foregoing reasons, Defendant TradeStation Securities, Inc. respectfully requests that the Court deny Plaintiff's Motion to Reopen and refuse leave to amend the Complaint.

DATED: January 24, 2025

Respectfully submitted,

*/s/ Leonel Peraza*
Leonel Peraza, Jr., Esq.
Florida Bar No. 0099089
BRESSLER, AMERY & ROSS, P.C.
515 East Las Olas Blvd., Suite 800
Fort Lauderdale, Florida 33301
Telephone: (954)499-7979
lperaza@bressler.com
mgomez@bressler.com
*Counsel for Defendant TradeStation Securities, Inc.*

Case No. 24-cv-60891-Civ-AHS

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing was electronically filed on January 24, 2025, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

    Respectfully submitted,

    */s/ Leonel Peraza*
    Leo Peraza, Esq.