# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTER-COASTAL WATERWAYS LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> TRADESTATION SECURITIES, INC. and DOE DEFENDANTS 1-10, <br><br> *Defendants.* | CIVIL ACTION NO. 0:24-cv-60891-AHS |

## PLAINTIFF INTER-COASTAL WATERWAYS LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO REOPEN THIS CASE AND FOR LEAVE TO FILE AN <u>AMENDED COMPLAINT</u>

**THE BASILE LAW FIRM P.C.**

Agapija Cruz, Esq.
365 Fifth Avenue S.
Suite 202
Naples, Florida 33472
Tel.:   (239) 232-8400
Fax:   (631) 498-0478
Email:  agapija@thebasilelawfirm.com

Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:   (516) 455-1500
Fax:   (631) 498-0478
Email:  joe@thebasilelawfirm.com

*Counsel for Plaintiff Inter-Coastal Waterways LLC*

Dated: January 31, 2025

Plaintiff Inter-Coastal Waterways LLC ("Plaintiff" or "Inter-Coastal"), by and through its undersigned counsel, respectfully submits this reply memorandum of law in further support of its Motion to Reopen this case and Grant Plaintiff Leave to File an Amended Complaint, ECF 54 ("Motion").

## PRELIMINARY STATEMENT

Plaintiff's Motion is for a singular purpose—to request the court to reopen this administratively closed case and for leave to file its Proposed Amended Complaint. TradeStation Securities, Inc.'s ("TradeStation") opposition to Plaintiff's Motion ("Opposition") ignores long standing black letter law and federal court procedures, essentially acting as an omnibus motion to, in effect, prematurely dismiss Plaintiff's Proposed Amended Complaint (Fed. R. Civ. P. 12); oppose certification of the putative class (Fed. R. Civ. P. 23(b)), and object to Plaintiff's prospective class counsel[1] (Fed. R. Civ. P. 23(a)(4) and Rule 23(g)), prior to the Court deciding whether Plaintiff's Motion will be granted. This is not how law is practiced in the federal courts.

The procedural timing for TradeStation to bring its Opposition to the aforementioned issues is expressly provided in the Federal Rules of Civil Procedure and the Local Rules of this District. At this point in time, it is procedurally improper for TradeStation to raise these issues in its opposition until the action is reopened and the Court grants Plaintiff leave to file its Proposed Amended Complaint. The Plaintiff's Motion seeking to reopen this administratively closed case and for leave to amend its complaint follows Eleventh Circuit decisions providing guidance that leave to file amended complaints is freely given in this Circuit.

---

[1] At the appropriate time, in accord with the Fed. R. Civ. P. 23(g), Plaintiff's counsel will demonstrate to the Court that it is more than appropriately qualified to be appointed class counsel as Plaintiff's counsel has significant national federal court experience litigating Federal securities violations and RICO-based lawsuits. However, this is not the appropriate point in this case for the Court to make a determination on the appointment of class counsel.

1

**ARGUMENT**

I. **PLAINTIFF'S MOTION IS NOT A "SECOND BITE AT THE APPLE" AS ASSERTED BY TRADESTATION IN ITS OPPOSITION**

   A. <u>Since the Inception of This Case, Both TradeStation and the Court Were on Notice of Plaintiff Reserving its Right to Seek Leave to Amend the Complaint into a Class Action</u>

The grant or the denial of an opportunity to amend is a liberal policy within the discretion of the District Court, even after a court makes a determination to compel arbitration. *See Sea Lane Bah. Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317, 1325-26 (11th Cir. 1999) (stating an "avenue for relief [is] moving the district court to reopen and reconsider its order compelling arbitration in light of [circumstances that] may convince the court that the equities weigh in favor of [plaintiff]").

TradeStation has completely failed to articulate its "second bite of the apple" theory by failing to specify any substantive legal claim(s) that this Court had previously decided - because there is/are none. There was no finality in the administrative closing of this case as there has been no entry of a final judgment and no adjudication of Plaintiff's claims on the merits. TradeStation argues Plaintiff fails to indicate any "exceptional circumstances" that warrant the granting of Plaintiff's motion to reopen an administratively closed action, something TradeStation considers an "extraordinary remedy." *See* Opp. at 4. In its originally filed Complaint, Plaintiff provided notice to both TradeStation and this Court of its reservation of the right to amend the Complaint to convert it into a class action. *See* ECF 1 at 2, FN 1. The Court should recognize there is a stark contrast between the reopening of a case that has been administratively closed, and the reopening of an action which has been closed as the result of the entry of a final judgment, after discovery, motion practice on substantive issues, or after trial based on an adjudication of the merits. *See Martinez v. Carnival Corp.*, 744 F.3d 1240, 1244 (11th Cir. 2014) (the Eleventh Circuit "ackowledge[s] that administratively closing a case is not the same as dismissing a case… Moreover, an administrative closure is not dispositive of finality") (*citing Fla. Ass'n for Retarded*

*Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001) (a case that has been "administratively closed… does not prevent the court from reactivating a case either of its own accord or at the request of the parties")); *Campbell v. Dominick & Dominick, Inc.*, 872 F.2d 358, 360 (11th Cir. 1989) (order closing case for statistical purposes not final order); *see also Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC*, 346 F.R.D. 150, 161 (N.D. Ga. 2024) (emphasizing the lack of final judgment in the case and as such, justice requires granting the motion for leave to file amended complaint).

B. <u>Class Actions are Preferred by Courts Over Separate, Individual Actions</u>

By way of judicial history on Class Actions for this courts' consideration, class actions are preferred when "separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *See Kennedy v. Tallant*, 710 F. 2d 711, 718 (11th Cir. 1983). The United States Supreme Court has noted that class actions empower plaintiffs "to pool claims which would be uneconomical to litigate individually" when most of the plaintiffs "would have no realistic day in court if a class action were not available." *See Phillips Petro Co. v. Shutts*, 472 U.S. 797, 809 (1985). "Many, if not most, putative class proceedings, are for relatively small-dollar claims. If claimants must act on an individual basis, the cost of arbitrating any single claim would certainly outweigh their expected recovery. No single bilateral arbitration would be rational. Only by joining together as a class do they make arbitration efficient." *JPay, Inc. v. Koebel*, 904 F.3d 923, 932 (11th Cir. 2018). However, in this case, class action claims may not be arbitrated by FINRA pursuant to FINRA's Code of Arbitration Procedure for Customer Disputes ("Customer Code of Arbitration"). *See* Rule 12204(a) of FINRA's Customer Code of Arbitration ("Class action claims may not be arbitrated under the Code").

It is clear that courts hold a strong preference for judicial economy, preferring to resolve identical claims by class action rather than through separate actions by each of the class members.

3

The same applies to individual arbitration proceedings. However, FINRA's Customer Code of Arbitration, as well as the terms of the Account Agreement, explicitly prohibits the arbitration of class action claims.[2] Instead, this Court should grant Plaintiff leave to file its Proposed Amended Complaint, as this Court is already familiar with the facts and circumstances surrounding the putative class member's causes of action. Permitting Plaintiff to file its Proposed Amended Complaint should be the Court's provident course of action.

### C. Prospective Putative Class Members Will Suffer Extreme Hardship Absent Leave to File the Proposed Amended Complaint

"Relief under Rule 60(b)(6) 'is an extraordinary remedy, but it is within the district court's discretion to grant it in order to do justice.'" *Demosthenes v. Geo Corp.* 2018 U.S. Dist. LEXIS 181778, at *3 (S.D. Fla. 2018) (*citing Ritter v. Smith*, 811 F.2d 1398, 1400 (11th Cir. 1987). In order to prevail under Rule 60(b)(6), the moving party "must demonstrate a justification so compelling that the court was required to vacate the order." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (*quoting Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977). However, an order administratively staying an action is not a final judgment. *See Palco Labs, Inc. v. Vitalcare Group, Inc.*, 2004 U.S. Dist. LEXIS 30569, at *6 (S.D. Fla. 2004) (granting plaintiff's motion to vacate pursuant to Rule 60(b) and acknowledging plaintiff's argument that the order previously entered by the Court was an administrative stay and not a final judgment). An order staying a court action pending arbitration does not determine the rights and liabilities of the parties. *See State Establishment for Agricultural Product Trading v. M/V Wesermunder,* 770 F.2d 987, 990 (11th Cir. 1985) (finding an order staying trial pending arbitration did not determine the rights and liabilities of the parties).

---

[2] Class action arbitration is prohibited by Rule 12204 of FINRA's Customer Code of Arbitration, as well as by the terms of the Account Agreement executed by TradeStation and its customers. *See* ECF 54 at 7.

Whether or not Fed. R. Civ. P. 60 is the appropriate vehicle to seek relief from the Order, the Court may exercise its judicial discretion and "vacate a non-final order at any point prior to the entry of a final judgment." *See Coty Inc. v. C Lenu, Inc.*, 2011 U.S. Dist. LEXIS 14813, at *8 (S.D. Fla. 2011). There has not been an adjudication of the merits of Plaintiff's claims pursuant to a dispositive motion. Plaintiff is not looking to relitigate the FINRA disqualification motion, nor is it seeking to relitigate the Court's decision to enact a stay in lieu of arbitration. However, procedurally, converting this into a class action takes this matter out of arbitration and puts it where it should be, before this Court. The Courts' prior determination to stay and administratively close this action relied *solely* on the basis of the existence of an arbitration clause in the agreements between Plaintiff and TradeStation, not based on a determination of the merits of Plaintiff's claims. *See* ECF 51.

Alternative pathways to relief for the putative class members will require expenditure of substantial additional resources of both the class members and the tribunal before which the class members file individual actions or a brand new class action, whether Plaintiff or another TradeStation customer is the lead Plaintiff. *See Klay v. Humana, Inc*., 382 F.3d 1241, 1273 (11th Cir. 2004) (affirming the district court's finding that "it would be better to handle this case as a class action instead of clogging the federal courts with innumerable individual suits litigating the same issues repeatedly"); *see also Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997) (emphasizing a class action is a superior method of adjudicating claims if it will "achieve economies of time, effort and expense and promote… uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results").

5

Both Plaintiff and the putative class members will suffer extreme hardship should each be subject to individual arbitration proceedings. Neither Plaintiff nor the putative class members will be permitted to utilize or benefit from the broad discovery procedures set forth in the Federal Rules of Civil Procedure, and each individual arbitration proceeding will not resolve the claims of other putative class members. Additionally, there are prospective class putative class members who may not have the financial means to hire counsel to initiate individual arbitration proceedings. *See JPay, Inc.*, 904 F.3d at 932 (noting individual class members often will not pay attorney's fees in class actions because parties often "reach a settlement whereby the defendant pays attorney's fees"). Proceeding by class action would also facilitate the uniform resolution of all class claims without the need for individual filings, including for those who have not had the means to seek relief on their own, without risking inconsistent adjudications between individual class members.

## II. PLAINTIFF'S PROPOSED AMENDED COMPLAINT IS NOT FUTILE

### A. The PLSRA's Heightened Pleading Requirement Does Not Apply to Plaintiff's Proposed Claim for a Violation of Exchange Act Rule 15c3-3 as it is Not a Claim for Securities Fraud Arising From the Exchange Act

TradeStation's arguments are highly inappropriate and procedurally defective at this point in time. The heightened pleading requirements under the Private Securities Litigation Reform Act ("PSLRA") apply only to claims based on securities fraud that arise under the Exchange Act.[3] *See Tellabs, Inc. v. Major issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) ("[I]n § 21(D)(b) of the PSLRA, Congress 'imposed heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5'"); *Bruhl v. PricewaterhouseCoopers Int'l*, 2007 U.S. Dist. LEXIS 21955, at *11 (S.D. Fla. Mar. 27, 2007) (Congress enacted the Private Securities Litigation Reform Act, … which heightens the pleading requirements for Rule 10b-5 claims"). No such federal securities

---

[3] It is improper to challenge the allegations of the Proposed Amended Complaint until it is filed with the Court, and only then, can TradeStation seek to try to dismiss the claims pursuant to Fed. R. Civ. P. Rule 12.

fraud allegations have been made in the originally filed complaint, nor are they included in the Proposed Amended Complaint. *See* ECF 54-1. The key antifraud provisions under the Exchange Act are found in sections 10(b) and Rule 10(b)-5. *See Carvelli v. Ocwen Fin. Corp.*, 934 F.3d 1307, 1316-17 (11th Cir. 2019) ("Rule 10b-5, makes it unlawful for 'any person,' in connection with the purchase or sale of a security, 'to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading").

In its Opposition, TradeStation inexplicably asserts that Plaintiff "alleges a violation of Section 29(b) of the Exchange Act" and, as such, the PSLRA "establishes a heightened pleading standard" for Plaintiff's claims based on securities fraud arising under the Exchange Act, citing to 15 U.S.C. § 78u-4(b), the PSLRA's requirements for securities fraud actions.[4] Opp. at 11. Many attorneys, with minimal securities litigation experience, misunderstand the function of Section 29(b). Fundamentally, 29(b) is not a "claims" statute, it is strictly a remedy statute that applies to all violations under the Exchange Act, (i.e.: fraud, violations, etc.). Notwithstanding TradeStation's incorrect view of even the fundamental utility of 29(b), there is no Section 29(b) "claim" in the Proposed Amended Complaint. Additionally, there are no claims for federal securities fraud in the Proposed Amended Complaint that arise from the Exchange Act that would require the PSLRA's heightened pleading standard. The only cause of action in the Proposed Amended Complaint that arises out of the Exchange Act is Plaintiff's claim seeking rescission pursuant to Section 29(b) for a "*violation*" of Rule 15c3-3(b)(1), a rule separate from the Exchange

---

[4] Conspicuously absent from TradeStation's Opposition is any mention of Plaintiff's causes of action which arise under Florida State law, including Plaintiff's claims for violations of Florida State securities laws and regulations, Florida's Racketeer Influenced and Corrupt Organizations Act (RICO), and under common law for breach of contract, negligent misrepresentation, negligence per se, conversion, breach of fiduciary duty, unjust enrichment and constructive trust.

Act's rule against securities fraud, Rule 10b-5. Plaintiff seeking rescission pursuant to Section 29(b) for a violation of Rule 15c3-3 is not a claim for securities fraud arising out of the Exchange Act. Instead, it is based solely on TradeStation's failure in its obligation to comply with federal securities laws, (a securities violation) including Rule 15c3-3, because of TradeStation's failure to maintain physical possession or control over its customers' fully-paid MMTLP shares. There simply is no heightened pleading requirement in the PSLRA for claims that arise under Exchange Act that are not based on securities fraud. No mention of Federal Securities fraud appears in the First Cause of Action of Plaintiff's Proposed Amended Complaint or Paragraphs 1-80 incorporated into the First Cause of Action by reference, and none can be read into it. *See* ECF 54-1, ¶¶ 1-80, 106-117.[5] As such, TradeStation's assertion that Plaintiff's Proposed Amended Complaint would be futile for a failure to meet the PSLRA's heightened pleading requirement for securities fraud actions arising under the Exchange Act is wholly without merit. Additionally, any alleged deficiency of a complaint can always be corrected by additional amendment, but usually not without a dispositive motion first being made. *See* Section B below.

> B. <u>It is Procedurally Improper for the Court to Adjudicate Any Issues Raised by TradeStation Surrounding the Proposed Amended Complaint at this Time</u>

Since there is no federal securities fraud claim in the proposed amended complaint, and that there is no issue of futility on the face of the proposed complaint, it is highly inappropriate to determine the merits of a proposed amended complaint prior to the filing of a dispositive motion. *See Holden v. NortonLifeLock, Inc.*, 2021 U.S. Dist. LEXIS 136578, at *2-3 (M.D. Fla. 2021)

---

[5] If Plaintiff were to allege a claim for securities fraud under the Exchange Act, Plaintiff would have claimed TradeStation violated Rule 10b-5. Any fraud based claim Plaintiff alleges against TradeStation in its Proposed Amended Complaint are based on violations of Florida state law or common law, both of which the PSLRA's heightened pleading standard does not apply. *See Tellabs, Inc. v. Major issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) ("[I]n § 21(D)(b) of the PSLRA, Congress 'imposed heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5'"); *Lopez v. Rica Foods*, 2006 U.S. Dist. LEXIS 116271, at *16, FN 12 (S.D. Fla., Aug. 3, 2006) (citing *Rogers v. Cisco Systems, Inc.*, 268 F. Supp. 2d 1305 (N.D. Fla. 2003) ("As Plaintiffs point out, Plaintiffs' common law causes of action are not subject to the heightened pleading requirements of the PSLRA).

8

(granting motion for leave to file amended complaint because the merits of a proposed amended complaint are "better addressed in a procedural posture of a dispositive motion and response"); *United States Sugar Corp. v. Commerce & Indus. Ins. Co*., 2024 U.S. Dist. LEXIS 222121, at *6 (S.D. Fla. 2024) ("district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute… [t]his is much different than the motion-to-dismiss standard, which requires a plaintiff to allege enough facts to state a claim to relief that is plausible on its face") (*citing* W*aterfront Renaissance Assocs. v. City of Phila*., 701 F. Supp. 2d 633, 640 (E.D. Pa. 2010) ("Granting [the plaintiff's] motion for leave to amend did not determine whether the claims raised in the amended complaint were sufficient to state a claim. Therefore, the law of the case doctrine does not apply")); *Pinnacle Advert. & Mktg. Grp. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) ("While allowing an amendment is a discretionary decision, [the Eleventh Circuit] ha[s] explained that district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute") (*citing Shipner v. E. Air Lines, Inc*., 868 F.2d 401, 406-07 (11th Cir. 1989) ((explaining that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion")); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits").[6]

---

[6] Since FINRA's rules, as well as the Account Agreement between the parties herein, explicitly exempt class actions from arbitration, Plaintiff, as well as the more than 100 other account holders that held MMTLP securities at TradeStation during the class period are entitled to their day in court. "No person shall bring a putative or certified class action to arbitration, or seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action or who is a member of a putative class, who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the person is excluded from the class by the court. Such forbearance to enforce an agreement to arbitrate shall not constitute a waiver of any rights under this Agreement except to the extent expressly stated herein." *See* Account Agreement at § 38(b).

9

Plaintiff's Motion is simple – for the court to reopen an administratively closed case and to authorize leave to file its Proposed Amended Complaint constituting a class action. TradeStation's omnibus Opposition attempts to prematurely seek dismissal of Plaintiff's Proposed Amended Complaint, to oppose certification of the putative class and disapprove of the undersigned as class counsel. This notion is as absurd as Plaintiff requesting immediate judgment against TradeStation on the claims in the Proposed Amended Complaint. Addressing these issues at this stage is premature and inappropriate and this court should follow Eleventh Circuit guidance indicating that leave to file amended complaints is freely given in this Circuit and is appropriate in this matter.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its motion to reopen this action and for leave to file its Proposed Amended Complaint.

Dated: January 31, 2025

        Respectfully Submitted,

        **THE BASILE LAW FIRM P.C.**

        Agapija Cruz, Esq.
        365 Fifth Avenue S.
        Suite 202
        Naples, Florida 33472
        Tel.:   (239) 232-8400
        Fax:   (631) 498-0478
        Email: agapija@thebasilelawfirm.com

        Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
        390 N. Broadway, Ste. 140
        Jericho, New York 11753
        Tel.:   (516) 455-1500
        Fax:   (631) 498-0478
        Email: joe@thebasilelawfirm.com

        *Counsel for Plaintiff Inter-Coastal Waterways LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January 2025, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Agapija Cruz