UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60891-CIV-SINGHAL

INTER-COASTAL WATERWAYS, LLC,

      Plaintiff,

vs.

TRADESTATION SECURITIES, INC., *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Reopen the Action and for Leave to File an Amended Complaint (DE [54]).  The Motion is fully briefed and ripe for review. For the reasons discussed below, the motion is denied.

    I.    INTRODUCTION

This is an action under Section 29(b) of the Exchange Act, 15 U.S.C. § 78cc(b) and Florida's Uniform Commercial Code, RICO, and Civil Remedies for Criminal Practices Act. Defendant successfully moved to compel arbitration (DE [51]) pursuant to the parties' various agreements. The parties were ordered to arbitrate the claims before a FINRA panel, which was the forum agreed to by the parties. *Id.* The Court stayed the case pending resolution of the arbitration proceedings and reserved jurisdiction to enforce any arbitration award. *Id.* Plaintiff timely appealed the Order compelling arbitration (DE [52]).

Several days after filing the Notice of Appeal, Plaintiff filed the present motion under Fed. R. Civ. P. 60(b)(6), asking the Court to vacate its Order compelling arbitration

and re-open this case to permit Plaintiff to file a class action complaint.[1]  If the Court were to grant the requested relief, the case could not proceed to arbitration because FINRA's rules do not permit arbitration of class actions.

Defendant opposes the motion (DE [64]) on the grounds that (1) Plaintiff does not meet the standards of Rule 60(b)(6); (2) Plaintiff cannot use a request to file a class action to circumvent this Court's Order compelling arbitration; and (3) the proposed Amended Complaint would be futile.

II.    <u>LEGAL STANDARDS</u>

"Fed. R. Civ. P. 60(b) provides in part, 'On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.'" *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1131 (11th Cir. 1986). The decision of whether to grant a motion under Rule 60(b) is within the sound discretion of the trial court. *Id.*   But relief under Rule 60(b)(6) is an extraordinary remedy which requires "extraordinary circumstances." *Booker v. Singletary,* 90 F.3d 440, 442 (11th Cir. 1996) (citing *Ritter v. Smith,* 811 F.2d 1398, 1401 (11th Cir.), *cert. denied,* 483 U.S. 1010 (1987)). "[T]he purpose of the motion is to permit the trial judge to …correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977).[2]   The movant "must demonstrate a justification so

---

[1] Plaintiff also dismissed its appeal in the Eleventh Circuit. (DE [61]).

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981" are binding on this Court. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. 1981).

compelling" that the court is "required to vacate its order." *Cano v. Baker,* 435 F.3d 1337, 1342 (11th Cir. 2006).

III.     DISCUSSION

Plaintiff offers scant reasons for relief under Rule 60(b)(6). It argues that the request has been timely made, there has been no adjudication on the merits, and a class action is a judicially efficient way of resolving the claims made by Plaintiff and other customers of the Defendant. The original Complaint (DE [1]) contained a footnote stating that "Plaintiff reserves its right to convert this action into a class action pursuant to Fed. R. Civ. P. 23." *Id.* ¶ 7. Plaintiff now argues that leave to amend a complaint should be liberally granted, see Fed. R. Civ. P. 15(a), but offers no explanation of why it did not move to amend the Complaint before the case was sent to arbitration.  Simply put, the Court views the present motion as an attempt to seek to avoid the Order compelling arbitration. Plaintiff offers no argument that the Order was erroneous. This is, as Defendant argues, truly an attempt at a second bite of the apple.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Reopen the Action and for Leave to File an Amended Complaint (DE [54]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of February 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

3