UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTER-COASTAL WATERWAYS LLC,<br><br>       *Plaintiff,*<br><br>v.<br><br>TRADESTATION SECURITIES, INC. and DOE DEFENDANTS 1-10,<br><br>       *Defendants.* | CIVIL ACTION NO. 0:24-cv-60891-AHS<br><br><br>NOTICE OF APPEAL |

**PLEASE TAKE NOTICE** that Plaintiff Inter-Coastal Waterways LLC, by and through their undersigned counsel, in the above named case hereby appeals to the Unites States Court of Appeals for the Eleventh Circuit to appeal from the Order, entered February 12, 2025, ECF 66, attached hereto as **Exhibit 1**, which denied Plaintiff's Motion to Reopen the Action and for Leave to File an Amended Complaint dated December 6, 2024, ECF 54, a copy of which is enclosed herein.

Dated: March 13, 2025
   Naples, Florida

              THE BASILE LAW FIRM P.C.
              */s/ Agapija Cruz*
              Agapija Cruz, Esq.
              365 Fifth Avenue S., Suite 202
              Naples, Florida 33472
              Tel.: (239) 232-8400
              Fax: (631) 498-0478
              Email: agapija@thebasilelawfirm.com

              Joseph R. Rose, Esq. *(admitted Pro Hac Vice)*
              390 N. Broadway, Ste. 140
              Jericho, New York 11753
              Tel.: (516) 455-1500
              Fax: (631) 498-0478
              Email: joe@thebasilelawfirm.com
              *Counsel for Plaintiff Inter-Coastal Waterways LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| INTER-COASTAL WATERWAYS LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>TRADESTATION SECURITIES, INC. and DOE DEFENDANTS 1-10,<br><br>    *Defendants.* | CIVIL ACTION NO. 0:24-cv-60891-AHS |

**PLAINTIFF INTER-COASTAL WATERWAYS LLC'S MOTION TO REOPEN THE ACTION AND FOR LEAVE TO FILE AN AMENDED COMPLAINT AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

              **THE BASILE LAW FIRM P.C.**

              Agapija Cruz, Esq.
              365 Fifth Avenue S.
              Suite 202
              Naples, Florida 33472
              Tel.: (239) 232-8400
              Fax: (631) 498-0478
              Email: agapija@thebasilelawfirm.com

              Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
              390 N. Broadway, Ste. 140
              Jericho, New York 11753
              Tel.: (516) 455-1500
              Fax: (631) 498-0478
              Email: joe@thebasilelawfirm.com

              *Counsel for Plaintiff Inter-Coastal Waterways LLC*

Dated: December 6, 2024

Plaintiff Inter-Coastal Waterways LLC ("Plaintiff" or "Inter-Coastal"), by and through its undersigned counsel, respectfully requests the Court: (i) reopen the action; and (ii) grant Plaintiff leave to file an amended complaint. Plaintiff's proposed amended complaint is attached hereto as **Exhibit 1** ("Proposed Amended Complaint") and the Exhibits to the Proposed Amended Complaint are attached hereto as **Exhibit 2**. For its memorandum of law in support of its motion, Plaintiff states as follows:

## PRELIMINARY STATEMENT

On May 24, 2024, Plaintiff filed its Complaint against TradeStation alleging twelve causes of action relating to the Meta Materials Series A Preferred Dividend ("MMTLP") Shares that Plaintiff held in its TradeStation Equity Account and naming The Financial Industry Regulatory Authority ("FINRA") as a Nominal Defendant, asserting the claims alleged against TradeStation stemmed directly from the FINRA's market regulatory activity and the overstep of such regulatory authority granted to FINRA by Congress. *See* ECF 1 ("Complaint").

Although Inter-Coastal is currently the sole named Plaintiff to this action, Inter-Coastal was far from the only MMTLP shareholder financially devastated by the events and actions taken surrounding the listing, trading halt and de-listing of the MMTLP Shares. Plaintiff commenced this action with the interests of the wider retail investing community in mind, especially other TradeStation customers that held MMTLP Shares in their own TradeStation brokerage accounts, hoping it could lay the foundation for its fellow retail investor community members to subsequently commence their own lawsuits seeking relief from the financial harm suffered as a result of circumstances beyond their control.

As this action progressed, Plaintiff's principal communicated with numerous other TradeStation customers who suffered the same or similar financial harm as Plaintiff as a result of

1

FINRA overstepping its regulatory authority, as well as TradeStation's violations of both Florida State and Federal securities regulations. These TradeStation customers, should they file separate lawsuits, would allege substantially the same or similar causes of action as those alleged by Plaintiff in the Complaint.

On October 28, 2024, this Court entered an Order compelling this dispute to arbitration. ECF 51 ("Order"). This motion serves as Plaintiff's request to amend its Complaint and convert this action into a class action on behalf of itself, as well as all other similarly suited TradeStation customers.[1] Plaintiff believes that amendment into a class action would provide a judicially efficient pathway to relief for not only itself, but also all other similarly situated TradeStation customers as such an amendment would provide a resolution to all those affected by TradeStation's violations of state and federal securities regulations. However, FINRA's Rules for Code of Arbitration Procedure for Customer Disputes ("Code") do not permit the adjudication of class action claims. For reasons stated herein, should the Court permit Plaintiff to file its Proposed Amended Complaint, it would be necessary for this Court to retain jurisdiction and proceed forward with this action.

## PROCEDURAL HISTORY

On May 24, 2024, Plaintiff commenced this action by filing its Complaint, naming TradeStation and Doe Defendants 1-10 as Defendants and FINRA as a Nominal Defendant. ECF 1. On July 3, 2024, FINRA filed a motion to dismiss. ECF 27. On July 9, 2024, TradeStation filed a motion to compel arbitration and stay this action. ECF 29. On July 31, 2024, Plaintiff filed its opposition to FINRA's motion to dismiss. ECF 33. On August 14, 2024, FINRA filed its reply in support of its motion to dismiss. ECF 38.

---

[1] Plaintiff reserved its right to amend its Complaint into a class action. *See* ECF 1 at 2, FN 1 ("Plaintiff reserves its right to convert this action into a class action pursuant to Fed. R. Civ. P. 23").

2

On August 16, 2024, Plaintiff filed its opposition to TradeStation's motion to compel arbitration and a cross-motion to disqualify FINRA from acting as the mandatory alternative dispute resolution service. ECF 39. On August 23, 2024, FINRA filed a response to Plaintiff's motion to disqualify, taking no position. ECF 43. On September 20, 2024, TradeStation filed its reply in support of its motion to compel and a motion to strike Plaintiff's cross-motion. ECF 46, 47. On September 23, 2024, the Court denied TradeStation's motion to strike. ECF 48. On September 27, 2024, Plaintiff filed its reply in support of its cross-motion. ECF 49.

On September 30, 2024, the Court entered an Order granting FINRA's motion to dismiss. ECF 50. On October 28, 2024, the Court entered an Order granting TradeStation's motion to compel arbitration, denying Plaintiff's cross-motion, staying the action pending the resolution of arbitration proceedings and directing the Clerk of Court to close the action. ECF 51 ("Order"). On November 27, 2024, Plaintiff filed a notice of appeal. ECF 52 ("Notice of Appeal").

## ARGUMENT

### I. THE COURT MAY EXERCISE ITS DISCRETION TO REOPEN THIS ACTION

Fed. R. Civ. P. 60(b)(6) states that the Court may "relieve a party" from an order for any "reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528-9 (2005) (noting Rule 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)'"). Fed. R. Civ. P. 60(c) states that "a motion under Rule 60(b) must be made within a reasonable time." "In determining whether a Rule 60(b) motion has been made within a reasonable time, a court 'must consider the circumstances of each case to determine whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.'" *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275 (11th Cir. 2008) (finding a Rule 60(b) motion filed three years after entry of the

3

order from which relief was sought to be untimely); *see also Pouparina v. United States*, 2020 U.S. Dist. LEXIS 86203, at *6 (S.D. Fla. May 14, 2020) (finding a Rule 60(b) motion filed over a year after judgment was entered to be untimely). "The district court decides under Rules 60(b)(4)-(6) when a movant has pursued his rights 'within a reasonable time' and when he has sat on his rights for too long." *Affordable Aerial Photography, Inc. v. Ditommaso*, 2023 U.S. Dist. LEXIS 238132, at *7 (S.D. Fla. Nov. 8, 2023) (*citing A&F Bahamas LLC v. World Venture Grp., Inc.*, 796 F. App'x 657, 662 [11th Cir. 2020] [noting the 11th Circuit has previously found a Rule 60(b)(6) motion filed after a five month delay to be unreasonable]; *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 736-37 [11th Cir. 2014] [finding a nine-month delay in filing a motion pursuant to Fed. R. Civ. P. 60(b)(4) to be unreasonable]).

Here, Plaintiff is respectfully requesting the Court reopen the action. Under the Federal Rules of Civil Procedure, a party must move the court for relief from a judgment or order within a "reasonable time." This Court entered the Order on October 28, 2024, just over a month ago, denying Plaintiff's motion to disqualify FINRA as alternative dispute resolution service and granting TradeStation's motion to compel arbitration and stay the action. ECF 51. Plaintiff has not unduly delayed in seeking the relief sought herein.

As noted by other courts in this District, delays of a year or greater in filing a motion seeking relief from an order or judgment pursuant to Fed. R. Civ. P. 60(b)(1)-(3) are generally considered to be untimely. Here, however, Plaintiff is seeking relief pursuant to Fed. R. Civ. P. 60(b)(6), wherein the Court has the ultimate discretion as to whether a movant pursues its rights within a reasonable time, and whether the Court grants such relief. *See Affordable Aerial Photography*, 2023 U.S. Dist. LEXIS 238132, at *7. It cannot be argued that Plaintiff has unduly delayed in bringing this motion because, on November 27, 2024, Plaintiff has maintained its

4

interest in pursuing this action by filing a Notice of Appeal within the time frame prescribed by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 4; ECF 52. Further, Defendant cannot reasonably argue that it would be unduly prejudiced by this Court granting the relief Plaintiff seeks herein as, again, Plaintiff has acted within the rights prescribed by the Federal Rules of Appellate Procedure. Accordingly, Plaintiff respectfully requests that this Court grant its motion to reopen this action.

## II. THE COURT SHOULD PERMIT PLAINTIFF TO FILE ITS PROPOSED AMENDED COMPLAINT

Fed. R. Civ. P. 15(a)(2) states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The grant or the denial of an opportunity to amend is a liberal policy within the discretion of the District Court. *CaringOnDemand, LLC v. Ventive LLC*, 2018 U.S. Dist. LEXIS 134035, at *5 (S.D. Fla. Aug. 8, 2018) (*citing Foman v. Davis*, 371 U.S. 178, 182 [1962]). *See also Thomas v. Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (discussing the limitations on a court's discretion to deny leave to amend a complaint); *Smith v. Beverly Hills Club Apartments, LLC*, 2016 U.S. Dist. LEXIS 10180, *7 (S.D. Fla. 2016) ("Rule 15(a)'s policy of liberal amendment facilitates determination of claims on the merits, and prevents litigation from becoming a 'technical exercise in the fine points of pleading'"); *Sea Lane Bah. Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317, 1325-26 (11th Cir. 1999) (stating an "avenue for relief [is] moving the district court to reopen and reconsider its order compelling arbitration in light of [circumstances that] may convince the court that the equities weigh in favor of [plaintiff]").

### A. The Merits of Plaintiff's Claims Have Yet to be Adjudicated and, as Such, the Proposed Amendment Would Not Be Futile

Prior to this action being stayed and closed, the merits of Plaintiff's claims had not been adjudicated. The Court made its determination to stay and close this action merely on the basis of

5

the existence of an arbitration clause in the agreements between Plaintiff and TradeStation. *See* ECF 51. In the Order, the Court did not opine on the merits of the claims Plaintiff alleged against both TradeStation and the Doe Defendants, instead relying on the Parties' arbitration agreement to compel this dispute to be heard before FINRA. *Id*. *See also State Establishment for Agricultural Product Trading v. M/V Wesermunder,* 770 F.2d 987, 990 (11th Cir. 1985) (finding that an order staying trial pending arbitration did not determine the rights and liabilities of the parties*)*; *MS Leisure Co. v. Demer*s, 2024 U.S. Dist. LEXIS 187691, *12 (S.D. Fla. 2024)  (noting a pending dispositive motion "does not weigh against permitting amendment" but even so, "the Court has not adjudicated any dispositive motion in this case, and thus, to the extent any party is prejudiced by having to engage in the litigation process, the opposing party will have been prejudiced in the exact same amount"); *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019)  (holding the "legal relationship between the parties had not changed whatsoever" since the prior motion because the merits of the case had not yet been adjudicated).  Plaintiff asserts that the unadjudicated claims it alleged against TradeStation in the Complaint also apply to the putative class members. *See* **Exhibit 1**.

A class action may be maintained when it satisfies the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b).  *See Jackson v. Motel 6 Multipurpose, Inc*., 130 F.3d 999, 1005 (11th Cir. 1997).  Rule 23(a) requires numerosity, commonality, typicality, and adequacy of representation.  Rule 23(b)(3) states that an action may be maintained as a class action if the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In its Proposed Amended Complaint, Plaintiff believed it has adequately set forth its class action allegations, detailing the requisite allegations of numerosity, typicality and adequacy, as well as the common questions of law and fact common to both Plaintiff and class members. *See* **Exhibit 1** at 19-22. In determining whether Rule 23(a) and Rule 23 (b) are satisfied, the Court does not evaluate the probable outcome of the case. *See Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1202 (11th Cir. 1985). Rather, "the class determination generally involve[s] considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978). Furthermore, the proposed amendment is not futile as the merits of Plaintiff's claims, which the proposed amendment would bring on behalf of Plaintiff and other similarly situated TradeStation customers, have not yet been adjudicated by the Court. As such, it is well within the Court's discretion to permit Plaintiff to file its Proposed Amended Complaint.

  B. <u>Should the Court Reopen the Action and Permit Plaintiff to Amend its Complaint, FINRA's Dispute Resolution Service Would Lack Jurisdiction to Hear this Dispute</u>

On October 28, 2024, the Court entered the Order which granted TradeStation's motion to compel this dispute to FINRA arbitration and denied Plaintiff's Cross-Motion to Disqualify. However, should the Court permit Plaintiff to file its Proposed Amended Complaint, the arbitration of Plaintiff's class action would be restricted. Pursuant to Rule 12204(a) of FINRA's Code, "class action claims may not be arbitrated under the Code." The arbitration of this dispute as a class action is further restricted by the terms of the Account Agreement, which states:

> No person shall bring a putative or certified class action to arbitration, or seek to enforce any pre-dispute arbitration agreement against any person who has initiated in court a putative class action or who is a member of a putative class, who has not opted out of the class with respect to any claims encompassed by the putative class action until: (i) the class certification is denied; or (ii) the class is decertified; or (iii) the person is excluded from the class by the court.

7

*See* ECF 1-9 at 15. As such, should Plaintiff be permitted to file its Proposed Amended Complaint, the Court would be required to retain jurisdiction over this dispute.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its motion to reopen this action and for leave to file its Proposed Amended Complaint.

## Local Rule 7.1(a)(3) Certification

I hereby certify that undersigned counsel attempted to confer with counsel for TradeStation who indicated TradeStation opposes the relief sought in this motion.

Respectfully Submitted,

**THE BASILE LAW FIRM P.C.**

*/s/ Agapija Cruz*
Agapija Cruz, Esq.
365 Fifth Avenue S.
Suite 202
Naples, Florida 33472
Tel.:  (239) 232-8400
Fax:  (631) 498-0478
Email: agapija@thebasilelawfirm.com


Joseph F. Rose, Esq. *(admitted Pro Hac Vice)*
390 N. Broadway, Ste. 140
Jericho, New York 11753
Tel.:  (516) 455-1500
Fax:  (631) 498-0478
Email: joe@thebasilelawfirm.com

*Counsel for Plaintiff Inter-Coastal Waterways LLC*

Dated: December 6, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December 2024, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Agapija Cruz*